IN THE UNIITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 07-36424-H1-7 |
| | § | |
| JULIET HOMES, LP, | § | (Chapter 7) |
|    Debtor | § | |
| | § | |
| JULIET GP, LLC, | § | Case No. 07-36426-H1-7 |
|    Debtor | § | |
| | § | (Chapter 7) |
| IN RE: | § | |
| | § | |
| DOUGLAS A. BROWN, | § | Case No. 07-36422-H1-7 |
|    Debtor | § | |
| | § | (Chapter 7) |
| | | |
| JOSEPH M. HILL, TRUSTEE | § | |
| AND W. STEVE SMITH, TRUSTEE, | § | |
|    Plaintiffs | § | |
| v. | § | Adversary No. 09-3429 |
| | § | |
| ALEX ORIA ET AL., | § | |
|    Defendants | § | |

MOTION OF DON SANDERS, DON WEIR, SANDERS 1998 CHILDRENS TRUST[1], AND
SANDERS OPPORTUNITY FUND, L.P.[1] TO DISMISS TRUSTEE'S AMENDED
COMPLAINT AS TO SUCH DEFENDANTS OR, IN THE ALTERNATIVE, FOR
MORE DEFINITIVE STATEMENTAND TO SEVER
<u>AND BRIEF IN SUPPORT THEREOF</u>

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

---

[1] Because the Plaintiffs failed to comply with Fed. R. Civ. P. 10(a), which requires that a complaint must name all parties, the Defendants are unable to determine if Sanders 1998 Childrens Trust and Sanders Opportunity Fund, L.P. are in fact defendants in this proceeding. While both are named in the initial paragraph of the Trustee's Original Complaint, neither is named under the section styled "Parties and Service" or on Exhibit A to the Original Complaint.

Represented parties should act through their attorney.

Defendants, Don Sanders, Don Weir, Sanders 1998 Childrens Trust, and Sanders Opportunity Fund, L.P. ("Defendants"), respectfully move the Court to dismiss Trustee's Original Complaint as to the Defendants for (i) failure to state a claim upon which relief can be granted against the Defendants under Rule 12(b)(6) of the Federal Rule of Civil Procedure and (ii) failure to state with particularity the circumstances constituting fraud as required by Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. In the alternative, the Defendants move for a more definitive statement of the Plaintiffs' complaint against the Defendants under Rule 12(e) of the federal Rules of Civil Procedure. In addition, Defendants move to sever the claims asserted against Defendants from the claims asserted against any other defendants under Rules 20(a)(2) and 21 of the Federal Rules of Civil Procedure. Defendants also assert that any claim against Defendants for a preferential or fraudulent transfer under the Bankruptcy Code is barred by the statute of limitations and that any claim against Defendants under the Texas Uniform Fraudulent Transfer Act in excess of $21,850 is barred by the statute of limitations.

## STATEMENT OF FACTS

1. On October 29, 2009, Plaintiffs Joseph M. Hill, Trustee and W. Steve Smith, Trustee filed Trustee's Original Complaint (the "Original Complaint") purporting to name between 47 and 51 defendants, who are referred to in the Complaint as the "Juliet Investors" and who the Plaintiffs allege received avoidable transfers from Juliet Homes, LP and/or Douglas A. Brown in the amounts indicated on Exhibit "A" to the Complaint. On December 2, 2009, the Plaintiffs filed the Trustees' Amended Complaint. The only difference between the Original Complaint and the Amended Complaint appears to be the deletion of footnote 2 on page 10 of the Original Compliant.

2. The Plaintiffs had Summons in an Adversary Proceeding issued on November 20, 2009. Attached to the Summons and Complaint is an Order for Scheduling Conference, which states that it was to be served within 3 days of its entry (November 3, 2009).

3. The Complaint in its caption states that the Defendants are "Alex Oria et al." Rule 10(a) of the Federal Rules of Civil procedure provides as follows:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. <u>The title of the complaint must name all the parties</u>; the title of other pleadings, after naming the first party on each side, may refer generally to other parties. [Emphasis added].

Accordingly, an argument can be made that the only defendant in the case is Alex Oria.

3. Sanders 1998 Childrens Trust and Sanders Opportunity Fund LP are named in the introductory paragraph of the Complaint as Juliet Investors but are not listed as parties under the section of the Complaint styled "Parties and Service" and are not included on Exhibit A.

4. Paragraphs 52 to 62 of the Complaint (spanning from page 5 to 8 of the Complaint) styled "Procedural Background" and 63 to 69 (spanning pages 8 to 15 of the Complaint) styled "Facts" contain no mention of any of the Juliet Investors (other than insiders, for example Douglas Brown, Caroline Brown, His spouse, Bernie Kane, and Warren King). The phrase "Juliet Investors" appears once in Paragraph 68.

5. In Paragraph 72, the Complaint recites the provisions of Section 547(b) of the Bankruptcy Code. In Paragraph 73 and 74, the Complaint makes the unsupported allegations that payments of [sic] Juliet were made to or for the benefit of creditors, the Juliet Investors and transfers to the Juliet Investors were on account of an antecedent debt.

6. Paragraph 76 states that payments were made to <u>some</u> Juliet Investors within 90 days and to insiders within one year before the petition date in the Brown and Juliet cases. Nowhere in the Compliant are the specific Juliet Investors identified who received payment

3

within such 90-day period, which of the Juliet Investors are considered "insiders," or the date that any transfer or payment was made, or the amount of any transfer or payment.

7. Paragraph 77 makes the assertion without factual support that, to the extent transfers were made to Juliet Investors within 90 days or to insiders within one year, the Plaintiffs believe that the transfers made enabled the Juliet Entities [sic] to receive more than such creditor would receive if – (1) the case were administered under Chapter 7 of the Bankruptcy Code, (2) the transfer had not been made, and (3) such creditor received payment of such debt to the extent provided by the provision of this title [sic].

8. In paragraphs 79 and 80, the Plaintiffs appear to make an argument that certain payments, to the Juliet Investors, which payments are not identified, were fraudulent transfers under the Bankruptcy Code and state law. While neither paragraph cites the particular statute allegedly violated, in Paragraph 50 Plaintiffs refer to Section 548 of the Bankruptcy Code and Section 24.005 and 24.006 of the Texas Business and Commerce Code.[2] While Plaintiffs talk in generalities, they do not provide any specific facts as to which payments made to which Juliet Investors in what amounts were possible fraudulent transfers under the applicable statutes.

9. In Paragraphs 82 to 86 of the Complaint, the Plaintiffs set out a "declaratory" cause of action to pierce the corporate veil of the "Juliet Entities," which are not parties to the Complaint.

10. In Paragraph 87, the Plaintiffs assert unspecified causes of action against the Juliet Investors for all equitable remedies to which they may be entitled including but not limited to unjust enrichment. Without identifying the specific payments in question, Plaintiffs assert that to the extent the Juliet Investors received monies from Brown and/or Juliet from sources other

---

[2] In Paragraph 50, Plaintiffs also refer to Section 9.10 et seq. of the Texas Business and Commerce Code, and Section 348.01 et seq. of the of the Texas Financial Code, which generally apply to secured transactions and retail installment contracts.

4

than legitimate real estate investment or arms-length business transaction, the Juliet Investors have been unjustly enriched.

11. In Paragraph 89, the Plaintiffs request, without providing any statutory basis for such a request, recovery of their reasonable and necessary attorneys [sic] fees and out-of-pocket expenses incurred in connection with the prosecution of the declaratory judgment and avoidance claims.

### ARGUMENT AND AUTHORITIES

A. <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

12. To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[3] A plaintiff's obligation to provide the "grounds of his entitlement to relief" requires more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not due."[4] Although a court is required to construe the factual allegations in a complaint in the light most favorable to the plaintiff,[5] those factual allegations must be enough to raise a right to relief above the speculative level.[6]

13. Plaintiff's allegations against Defendants should be dismissed because they fail to meet the Supreme Court's plausibility standard articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

---

[3] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L. Ed2d 868 (2009). *See*, *Bell Atl. Corp. v. Twombly*, 550 U.S.544 (2007), cited by *A2D Technologies Inc. v. MJ Systems Inc*., Cause No. 06-20624, 269 Fed Appx. 537, 2008 WL 695251 (5th Cir. March 14, 2008).

[4] *See Ashcroft*, 129 S.Ct at 1949-1950 and *Twombly*, 550 U.S. at 553-555.

[5] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

[6] *See Ashcroft*, 129 S.Ct at 1949 and *Twombly*, 550 U.S. at 555.

173 L.Ed 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S.544 (2007).  The plausibility standard obligates a plaintiff to provide the grounds for his entitlement to relief and "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]  Even taking all of the Complaint's factual allegations as true, those allegations "must be enough to raise a right to relief above the speculative level.[8]  To go beyond the "speculative level," the factual allegations must make it "plausible," as opposed to merely "possible," that Plaintiffs are entitled to relief.[9]  Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice.[10]

14. To satisfy the Plausibility Standard, a complaint must meet two fundamental criteria. First, it must "set forth a claim upon which relief could be granted."[11]  Second, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[12]  A complaint cannot fulfill those criteria without alleging sufficient facts to provide concrete notice of the alleged wrongdoing and, putting conclusory allegations to one side, a reasonable basis for inferring that there may be wrongful conduct, *i.e.*, to demonstrate a "reasonably founded hope that the [discovery] process will reveal relevant evidence" sufficient

---

[7] *Ashcroft,* 129 S.Ct. at 1949.

[8] *Id*. at 1949.

[9] *In re Bausch & Lomb Inc.*, MDL No. 1785, C/A No. 2:06-MN-77777-DCN, 2007 WL 3046682 at *6 (D.S.C. Oct. 11, 2007) (citing *Twombly,* 550 U.S. at 555).

[10] *Ashcroft,* 129 S.Ct. at 1949.

[11] *Conley* v. *Gibson*, 355 U.S. 41, 45 (1957).

[12] *Id.* at 47.

to establish the plaintiff's claim.[13] To plead fraud, the Plaintiffs cannot merely recite the statutory elements.[14]

15. Thus, while the Plausibility Standard does not require factual allegations to be set out "in detail,"[15] it does require sufficient facts to provide fair notice and to give rise to a reasonably grounded expectation that discovery will produce relevant evidence to support the claims.[16] In the absence of direct and non-conclusory allegations on every material point, the complaint "must contain allegations from which an inference fairly may be drawn by the court that evidence on these material points will be available and introduced at trial."[17] Otherwise, a plaintiff with "a largely groundless claim" would be permitted to "simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value."[18] Here, Plaintiff's Complaint attempts to masquerade conclusory assertions and legal conclusions as factual conclusions.

16. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.[19] A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more the conclusions, are not entitled to the assumption of truth.[20]

---

[13] *Dura Pharmaceuticals, Inc.* v. *Broudo*, 544 U.S. 336, 347 (2005) (quoting *Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 741 (1975)).

[14] *In re Global Link Telecom Corp*., 327 B.R. 711, 718 (Bankr. D. Del. 2005).

[15] *See Conley*, 355 U.S. at 47.

[16] *See Dura Pharmaceuticals, Inc.*, 544 U.S. at 347; *DM Research, Inc.* v. *College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (complaint must set forth "a *factual* predicate concrete enough to warrant further proceedings").

[17] 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 220-227 (3d ed. 2004).

[18] *Dura Pharmaceuticals, Inc.,* 544 U.S. at 347; see *DM Research*, 170 F.3d at 55 (observing that alleging a sufficient factual predicate is "the price of entry, even to discovery").

[19] *Ashcroft,129 S.Ct.* at 1950.

[20] *Id.*

17. The Plaintiffs' bare assertions amount to nothing more than a formulistic recitation of the elements of a preferential or fraudulent transfer. As such, the allegations are conclusory and not entitled to be assumed as true. When the legal conclusions are eliminated from the Plaintiffs' Complaint, there is nothing left.

18. Plaintiffs claim that Defendants "may have[21]" received a preferential transfer if they received a payment within 90 days or, if they are somehow insiders, within one year before the petition dates in the Brown and Juliet cases. Plaintiffs alleged that Defendants Sanders and Weir received payments of $2,952,000, but offer no basis for how this amount was determined or when any payments or transfers were made by Juliet or Brown to Defendants Sanders and Weir or if the payments received by Defendants Sanders and Weir were received within either such periods.

19. Section 24.010 of the Texas Business and Commerce Code provides that a cause of action with respect to a fraudulent transfer or obligation under Chapter 24 is extinguished unless action is brought:

> (1) under Section 24.005(a)(1), within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer was or could reasonably have been discovered by the claimant;
> (2) under Section 24.005(a)(2) or 24.006(a), within four years after the transfer as made or the obligation incurred; or
> (3) under Section 24.006(b), within one year after the transfer was made.

20. Under Section 548 of the Bankruptcy Code, a trustee may recover a transfer made within [two years] of the date of filing of a petition.

21. As noted above, Plaintiffs make no allegations as to when the payments to Defendants Sanders and Weir were made. There is no allegation the payments were made within

---

[21] Plaintiffs never identity any Defendant who in fact received a preferential or fraudulent transfer.

8

90 days, one year, or two years before filing of the petitions or less than fours years prior to the filing of the Complaint.

22. Although a court must take all of the "well-pleaded factual allegations in the complaint as true," and construe them "in the light most favorable" to the plaintiff,[22] a court is "not bound to accept as true a legal conclusion couched as a factual allegation."[23] Plaintiffs' formulaic recitation of the elements of a preferential or fraudulent transfer and conclusory assertions hardly sets forth sufficient factual predicate to satisfy the plausibility standard.

23. Plaintiffs make their conclusory assertions without disclosing any factual or evidentiary support. Plaintiffs make the bare assertion that <u>to the extent</u> monies were paid to the Juliet Investors from moneys advanced by other pool participants and/or monies not related to their respective Juliet Project Partnership then Juliet transferred funds to the Juliet Investors without receiving reasonably equivalent value in exchange for the transfers. Plaintiffs offer no facts as to whether any monies were paid to the Defendants from moneys advanced by other pool participants and/or moneys not related to their Juliet Project Partnership.

24. Plaintiffs make a further conclusory assertion that during the period in which Juliet transferred monies to the Juliet Investors,[24] Juliet(a) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which Juliet was or became, on or after the date that such transfer was made or such obligation was incurred, indebted, or (b)(i) received less than a reasonable equivalent value in exchange for such transfer or obligation, and (ii)(A) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation, (B) was

---

[22] *Papasan* v. *Allain*, 478 U.S. 265, 283 (1986).

[23] *Id.* at 286.

[24] The period is not identified.

engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Juliet was an unreasonably small capita [sic], or (C) intended to incurred [sic], or believed that Juliet would incur, debts that would be beyond its ability to pay as such debts matured.

25. Plaintiffs do not disclose their factual support for these conclusory assertions. Moreover, Plaintiffs do not even allege any facts or evidentiary support for their allegations that payments to Defendants Sanders and Weir somehow were fraudulent transfers under the Texas Uniform Fraudulent Transfer Act. Rather, Plaintiffs simply recite elements required by Section 24.005 and 24.006 of the Texas Business and Commerce Code. These conclusory allegations do not provide Defendants fair notice of the grounds upon which Plaintiffs rests their claims.

26. Moreover, Plaintiffs cannot survive a motion to dismiss based solely on the hopes that it "might later establish some 'set of [undisclosed] facts' to support recovery."[25] It was precisely an undisclosed fact that was essential to the plaintiffs' claims–the existence of an agreement–that required dismissal in *Twombly*. Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted because it fails the *Twombly* plausibility standard.

B. <u>Motion to Dismiss Pursuant to Rules 8(a) and 9(b)</u>

27. Plaintiffs' "Second Cause of Action, Fraudulent Transfer Under the Bankruptcy Code and State Law" is a cause of action based on fraud.

28. Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Federal courts have analogized fraud pleading to "the first paragraph of any newspaper story," requiring "the who, what, when, where, and how" of the circumstances with

---

[25] *In re Bausch & Lomb Inc.*, 2007 WL 3046682 at *7 (citing *Twombly,* 550 U.S. at 556).

respect to each and every defendant alleged to have committed fraud.[26] A complaint that does not comply with the specificity requirements of Rule 9(b) fails to state claims for fraud upon which relief can be granted.[27]

29. Rule 9(b) of the Federal Rules of Civil Procedure applies to Plaintiffs' causes of action under the Texas Uniform Fraudulent Transfer Act.[28]

30. Plaintiffs' Complaint provides no particulars whatsoever with respect to the alleged fraudulent transfers. There is no allegation as to the amount of any specific transfer or when any transfer was made.

31. The Plaintiff's Complaint does not even include particulars of that reach the level found inadequate in Indiana Bell Telephone Co. v. Lovelady. In Indiana Bell, the plaintiff alleged that the fraudulent conveyances occurred after July 7, 2000, and were in an amount of at least $5,425,000. The court concluded that this was too vague and failed to give a specific "when" and "what" as to the Defendants bringing their motion. The Plaintiffs in this case have failed to specify any dates or amounts of any alleged fraudulent transfers.

32. In Indiana Bell, the plaintiff also argued that the defendants had adequate notice of the claim and knew the details of the asset transfers. The court noted that merely ensuring notice to the defendants was not enough because there were several other purposes for Rule 9(b)

---

[26] *Indiana Bell Telephone Co. v. Lovelady*, 2006 WL 485305 at 2 (W.D. Tex 2006); *Williams v. WMX Technologies, Inc*. 112 F.3d 177 (5th Cir. 1997), cert. denied 118 S.Ct. 412 (1997); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (11th Cir. 1990); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1422 (3d Cir. 1997); *In re NM Holdings Company, LLC*, 407 B.R. 232, 259-60 (E.D. Mich. 2009).

[27] *See Id.* (remanding with instructions to dismiss fraud claims for failure to comply with Rule 9(b)); *Shusany v. Allwaste, Inc*., 992 F.2d 517, 525 (5th Cir. 1993) (affirming dismissal of complaint with prejudice for failure to comply with Rule 9(b)).

[28] *Alexander v. Holden Business Forms, Inc,* 2009 WL 1406242 (N.D. Tex); *Indiana Bell Telephone Co. v. Lovelady*, 2006 WL 485305 (W.D. Texas 2006); Brunswick Corp. v. Vineberg, 370 F.2d 605, 608-10 (5th Cir. 1967). *See also*, *In re Sharp Int'l Corp*., 403 F.3d 43, 56 (2d Cir. 205); *General Electric Capital Corp. v. Lease Resolution Corp*., 128 F.3d 1074, 1078-79 (7th Cir. 1997).

that require more, including weeding out unmeritorious claims, eliminating fishing expeditions, and ensuring that the court knows what specific conduct is being criticized.[29] The Plaintiffs must provide a specific complaint for this Court's sake, and their Amended Complaint fails to do that.

33. <u>General Electric Capital Corp</u>.[30], in which the court considered whether the plaintiff sufficiently pled the circumstances of constructive fraud supporting a fraudulent transfer claim under Illinois law, is instructive. The court began by noting that under Rule 84 of the Federal Rules of Civil Procedure "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intendeds to indicate the simplicity and brevity of statement which the rules contemplate."[31] The court referred to Form 13, which provides an example of a complaint on a claim on a debt and to void a fraudulent conveyance. The form requires:

> 1) an allegation of jurisdiction, 2) a statement of the date and the conditions under which the defendant executed a promissory note to the plaintiff, 3) a statement that the defendant owes the plaintiff the amount, 4) a description of the events surrounding the defendant's conveyance of all of his property to the transfer recipient for the purpose of defrauding and for delaying the collection of payment by the plaintiff, and 5) the plaintiff's demand of the court.[32]

The court noted a number of allegations that supported the conclusion that GE Capital pled the required elements with sufficient particularity.[33]

34. Here, Plaintiffs make no allegations whatsoever as to the Defendants relationship to Juliet Homes, the circumstances surrounding the alleged fraudulent transfers, or the dates and amounts of any fraudulent transfers. Plaintiffs merely recite the elements of a fraudulent transfer.

35. "The party asserting an intentional fraudulent transfer claim must 'specify the property that was allegedly conveyed, the timing and frequency of those alleged fraudulent

---

[29] *Indiana Bell Telephone Co. Inc*. 2006 WL 485305 at 2.
[30] 128 F.3d 1074 (7th Cir. 1997)
[31] 128 F.3d at 1079.
[32] *Id*. at 1079-80.
[33] *Id*. at 1080.

12

conveyances, [and] the consideration paid."[34] Allegations that a debtor made an aggregate amount or series of cash or other transfers over a period of time, without further particularization are insufficient to state an intentional fraudulent transfer claim.[35]

36. The Court should require the Plaintiffs to identify the transactions between the Juliet Project Partnerships and the Defendants that the Plaintiffs have a good faith basis to believe constitute preferential or fraudulent transfers.[36] The alternative of denying the Defendants' Motion to Dismiss would open up expensive and time-consuming discovery and might have the *in terrorem* effect of forcing the Defendants to settle without regard to the merits of the Plaintiffs' claims.[37]

37. When a claim involves multiple defendants, a plaintiff cannot simply group the defendants together, but must make specific and separate allegations against each particular defendant.[38] Thus, for the alleged fraud, Plaintiffs must distinguish between the Juliet Investors and describe the respective role, if any of each.[39]

38. For purposes of Section 548, the Complaint alleges merely "To the extent monies were paid to Juliet Investors from monies advanced by other pool participants and/or from monies not related to their respective Juliet Project Partnership then Juliet transferred funds to the Juliet Investors without receiving reasonably equivalent value in exchange for transfers."

---

[34] *Official Comm. of Unsecured Creditors v. JP Morgan Chase Bank, N.A. (In re Fabrikant & Sons Inc.)*, 394 B.R. 721, 734 (Bankr. S.D.N.Y. 2008) *quoting United Feature Syndicate, Inc., v. Miller Feature Syndicate, Inc.* 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002).

[35] *Id.*

[36] *Buchwald Capital Advisors LLC v. J.P. Morgan Chase Bank, N.A. (In re Fabrikant & Sons Inc.)*, 2009 WL 3806683 at 14 (Bankr. S.D.N.Y. 2009).

[37] *Id.* at 14 citing *Twombly*, 550 U.S. at 557-58.

[38] E.g., *Zuckerman v. Foxmeyer Health Corp.*, 4 F. Supp. 2d 618, 622 (N.D. Tex. 1988).

[39] See *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 287 (5th Cir. 2006); *Fener v. Belo Corp.,* 425 F. Supp. 2d 788, 798 (N.D. Tex 2006).

This allegation is inadequate on its face as it fails to state which Juliet Investors in fact received monies advanced from other pool participants or from monies not related to their respective Juliet Project Partnership, the amount of any such payments and the dates they were made.

39. The Complaint fails under Rule 8 pleading standards because it pleads neither what was "given" to Juliet Homes nor what was "received" by the Juliet Investors.[40] The Complaint is so vague that this Court cannot perform its duty and "compare what was given with what was received."[41] The Complaint does not allege the time, place, date, or content of even a single example of a fraudulent transfer by the Defendants, Consequently, the Complaint raises no more than a "sheer possibility" that the Plaintiffs are entitled to recovery, and the fraudulent transfer claims must be dismissed.

40. Fraudulent acts, conduct, and intent have not been pleased with the rigor required by Rule 8, much less Rule 9(b).

C. Affirmative Defense of Statute of Limitations

41. Any claims against Defendants Sanders and Weir for any preferential or fraudulent transfer are barred by the statutes of limitations imbedded within Section 547 and 548 of the Bankruptcy Code, in that all such payments were received by Defendants Sanders and Weir more than four years prior to the filing of the Trustees' Complaint.

42. Any claims against Defendants Sanders and Weir for any fraudulent transfer in excess of $21,850 are barred by the statutes of limitations imbedded within Sections 24.005 and 24.006 of the Texas Uniform Fraudulent Transfer Act, in that all such payments were received

---

[40] See, *Balaber-Strauss v. Sixty-Five Brokers (In re Churchill Mortg. Inv. Corp.)*, 256 B.R. 664, 678 (Bankr. S.D.N.Y. 2000).

[41] *Id.* at 678.

14

by Defendants Sanders and Weir more than <u>four</u> years prior to the filing of the Trustees' Complaint.

D.   Motion for a More Definitive Statement Pursuant to Rule 12(e)

43.   In the alternative and in addition to the above, Defendants for the reason stated above move for a more definite statement of the Trustee's Complaint against Defendants because it is so vague or ambiguous that the Defendants cannot reasonably prepare a response.

E.   Motion to Sever under Rule 20(a) and 21

44.   Rule 20(a) of the Federal Rules of Civil Procedure permit the joinder of defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.[42]

45.   Joinder of the defendants fails to satisfy both the first and second prongs of the test for permissive joinder.

46.   The first prong, the "same transaction" requirement refers to similarity in the factual background of a claim. In this case, the basic connection among all the defendants is that they were investors in a Juliet Project Partnership.

47.   The Complaint states that Juliet and Brown scheduled interests in 30+ partnerships or joint ventures.[43] The Complaint further states that the Juliet Project Partnerships

---

[42] See *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).
[43] Paragraph 57 of the Complaint.

were single purpose entities formed for specific a real estate development project and that each Juliet Project Partnership was assigned to one project.[44]

48. The Complaint does not allege that there was any relationship between any of the individual Juliet Project Partnerships or among the Juliet Investors (other than insiders and affiliates) other than that funds received from Juliet Investors were deposited and commingled without distinction with other funds and the commingled investor funds were used to pay earlier investors, operating expenses, administrative costs, and to "line the pockets of Brown, Kane, and other affiliates and insiders"[45]

49. Although the Plaintiffs assert the same causes of action against each defendant, the mere fact that all Plaintiffs' claims arise under the same statutes does not necessarily establish a common questions of law or fact. Clearly, each individual Juliet Project Partnership and each individual transfer is discrete and involves different legal issues and facts and will have to be analyzed separately to determine if a preferential or fraudulent transfer occurred. Thus, the claims against the individual defendants are not sufficiently related to constitute the same transaction or occurrence.

50. Joinder of the defendants also fails to satisfy the second prong of the test for permissive joinder – common questions of law and fact.

51. Each claim involving each Juliet Project Partnership and defendant Juliet Investor is discrete and involves different legal issues and facts. Even if the claims against the defendants were not severed, the court would still have to give each Juliet Project Partnership and defendant

---

[44] Paragraph 66 of the Complaint.

[45] Paragraph 70 of the Complaint.

individualized attention. Therefore, the claims against the individual defendants do not involve common questions of law or fact.

52. The Defendants herein have no relationship to any other defendants in the case nor does their business relationship with Juliet Homes.

53. While Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense, here trial efficiency will not be promoted by allowing all defendants to be joined. Each claim against each defendant raises potentially different issues, and must be viewed in a separate and individual light by the Court.

54. Moreover, severing the Defendants will not prejudice any substantial right.

## CONCLUSION

For the foregoing reasons, the Defendants move the court to enter an order (a) dismissing the Trustee's claims against the Defendants under Fed R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted against the Defendants and under Fed R. Civ. P. 8(a) and 9(b) for failure to state with particularity the circumstances constituting fraud or (b) in the alternative, an order under Rule 12(e) requiring the Plaintiffs to replead their fraud claims in compliance with Fed. R. Civ. P. 8(a) and 9(b). Defendants also move the Court to enter an order that all claims asserted in this action against the Defendants be severed from the claims asserted

against all other defendants and proceed separately. Defendants also request such further general relief to which they are justly entitled.

Dated: December 14, 2009.

Respectfully submitted,

/s/ John T. Unger
John T. Unger
Texas Bar No. 20390675
john.unger@smhgroup.com
600 Travis, Suite 5800
Houston, Texas 77002
713-993-4645

Attorney for Don Sanders, Don Weir, Sanders 1998 Childrens Trust, and Sanders Opportunity Fund, L.P.

Certificate of Service

I hereby certify that on December 14, 2009, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following persons:

Joseph M. Hill
Theresa Mobley
Cage, Hill & Neuhaus, LLP
5851 San Felipe, Suite 950
Houston, Texas 77057

W. Steve Smith
Blanche D. Smith
McFall, Breitbeil & Shults P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, Texas 77010

/s/ John T. Unger
John T. Unger