UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| **JULIET HOMES, LP** § | Chapter 7 Case **07-36424** | |
| *Debtor* § | | |
| § | | |
| IN RE: § | | |
| **DOUGLAS A. BROWN** § | Chapter 7 Case **07-36422** | |
| *Debtor* § | | |
| § | | |
| **JOSEPH M. HILL, TRUSTEE and** § | | |
| **W. STEVE SMITH, TRUSTEE** § | | |
| *Plaintiffs* § | Adversary No. **09-03429** | |
| vs. § | | |
| § | | |
| **ALEX ORIA ET AL** § | | |
| *Defendants* § | | |

# DEFENDANT ROBERT SHIRING'S RULE 7012(b)(6) MOTION TO DISMISS TRUSTEES' COMPLAINT
[*Refers to Docket #52*]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, **ROBERT SHIRING** (hereinafter **"Shiring"** or "**Defendant**") and hereby files this his Rule 12(b)(6) Motion to Dismiss Trustees' Complaint ("Motion"). In support thereof, ROBERT SHIRING would show the Court as follows:

## RULE 12(b)(6) MOTION TO DISMISS

**Procedural History and Background**

1. On September 20, 2007 a Petition for Involuntary Relief was filed against Juliet Homes, Inc. ("Juliet") and Douglas A. Brown ("Brown") and each case was adjudicated under Chapter 7 and the Plaintiff Trustees were appointed.

2. After two (2) years of investigation, on October 29, 2009 the Trustees filed their joint Complaint to Avoid and Recover Avoidable Transfers from a list of forty-eight (48) parties, including Robert Shiring [Docket #1]. On December 2, 2009, the Plaintiffs filed the Trustees' Amended Complaint ("Complaint") [Docket #52]. The only difference between the Original Complaint and the Amended Complaint appears to be the deletion of footnote 2 on page 10 of the Original Complaint.

3. Notwithstanding two (2) years of investigation, absent from the Complaint are specific allegations against any of the Defendants. Rather, the Complaint broadcasts global allegations against all fifty-two (52) of the parties on the list, but clearly absent is any particular facts regarding Shiring and the proposed elements of proof that apply to this Defendant.

4. The Complaint further recites only labels, conclusions and a formulaic recitation of the elements of the causes of action for recovery under 11 U.S.C.§§544, 547, 548 and 550.[1]

**Argument and Authorities**

5. Rule 12(b)(6) requires dismissal of a case against a defendant if the plaintiff fails to state a claim upon which relief can be granted. *FED. R. Civ. P. 12(b)(6)*. The United States Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955*

---

[1] Although paragraph 50 of the Complaint indicates that the Plaintiffs intend to recover pursuant to Section 9.102 et seq. of the Texas Business and Commerce Code and Section 348.01 et seq. of the of the Texas Financial Code they fail entirely to plead for such recovery and seek only recovery under 11 U.S.C.§§544, 547, 548 and 550. *See paragraphs 72-81*.

*(2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937173 L.Ed 868 (2009)*. The Supreme Court made it clear that it is not the duty or obligation of the courts to imagine a set of circumstances that theoretically could entitle a plaintiff to relief, rather, a plaintiff must provide enough factual allegations to "nudge their claims across the line from conceivable to plausible" or the plaintiffs claim should be dismissed. Id. Under this standard, a plaintiff is obligated to provide *"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."* Id. Further, a court is not required to accept conclusionairy legal allegations cast in the form of factual allegations if those conclusions cannot be reasonably be drawn from the facts alleged. *Evans v. Suter, No. H-07-1557, 2007 WL 1888308 at  (S.D. Tex. June 29, 2007). Torch Liquidating Trust v. Stockstill, 561 F.3d 377 (5th Cir. La. 2009)*. The *Twombley* factors have been applied to fraudulent transfer actions requiring the satisfaction of the heightened pleading standard for actual fraud provided in *Rule 9(b)* of the Federal Rules of Civil Procedure. *Rule 9(b)*, made applicable by *Rule 7009 of the Federal Rules of Bankruptcy Procedure*. This rule requires a party alleging fraud to *"state with particularity the circumstances constituting fraud . . . ."* FED. R. CIV. P. 9(b);FED. R. BANKR. P. 7009. *Angell v. Haveri (In re Caremerica, Inc.), 409 B.R. 346, 353 (Bankr. E.D.N.C. 2009)*.

6. The Trustee's Complaint asserts claims against Shiring for fraudulent transfer of funds under *11 U.S.C. §548* and for fraudulent transfers in violation of Section *24.001 et. seq.* of the Texas Business and Commerce Code, the Texas Uniform Fraudulent Transfers Act ("TUFTA").  Additionally, Complaint asserts a boilerplate claim for avoiding preferences under *11 U.S.C. § 547*, and boilerplate claim for unjust enrichment and piercing the veil of some 50 unnamed parties.

7. The Complaint purportedly recites facts in ten (10) pages of pleadings[2] none of the facts identify facts relating to Shiring. Rather Shiring is corralled into a group of

---

[2] *See Trustees' Amended Complaint, paragraphs 52-69.*

forty-eight (48) defendants, identified as "Juliet Investors" and subjected to global accusations of receiving illegal consulting fees, kickbacks and exorbitant guaranteed returns[3], and concludes with a popular accusation that a Ponzi scheme was created that demands retribution.

8. Because the Complaint fails to state facts that relate to alleged conduct by Shiring consistent with the allegations against Shiring, such claims should be dismissed under *Rule 7012(b)(6)* because they fail to meet the Supreme Court's standard articulated in *Ashcroft and Twombly*. Basically, the Complaint takes a shotgun approach apparently hoping that something will stick. But such an approach would unfairly require Shiring to assume the burden of defending the unknown and offends *Ashcroft and Twombly*.

***Claim for Preferential Transfer under 11 U.S.C. § 547***

9. In paragraphs 72-78 the Trustees allege that the purported transfers by the Debtors to the Juliet Investors are preferential transfers under *11 U.S.C. § 547*. However, the Trustees simply re-state the legal standard and put forth the legal conclusion that the elements of the cause of action are met. Nowhere in the Compliant are the specific Juliet Investors identified who received payment within such 90-day period, which of the Juliet Investors are considered "insiders," or the date that any transfer or payment was made, or the amount of any transfer or payment. As argued above, there is simply no factual assertion that is consistent with any such allegation and no identification that Shiring received any transfers during the requisite time period.

10. Trustee's claim does not have the required factual support required under *Bell Atlantic*. Thus, the Trustee's claim of preferential treatment under *11 U.S.C. § 547* fails and must be dismissed as a matter of law because it fails to state a claim upon which relief can be granted.

---

[3] *See Trustee's Amended Complaint, paragraph 66-67.*

*Claim for Fraudulent Transfer under 11 U.S.C. § 548*

11. In paragraphs 79-80 the Trustee generally recites the elements of the provisions of *11 U.S.C.§548*.  In asserting this claim, the Trustee provided no factual allegations to support it; instead simply recites all the elements of the statute.

12. Furthermore, the facts alleged in the Complaint's alleged "FACTS" section give no support to the require elements of the Trustee's Claim.  There are no alleged facts plead consistent with the factual conclusion that any transfer by the Debtor to Shiring was in exchange for less than reasonable equivalent value or was done with the intent required under the statute.

13. Similarly, the Trustee alleges no facts consistent with two other required elements of a claim under *Section 548*: (1) that on the date of the transfer Debtors were insolvent, or became insolvent as a result thereof; and (2) that on the date of the transfer the Debtors were engaged or was about to engage in business in which its property after the transfer was unreasonably small capital. Nowhere in the Compliant are the specific Juliet Investors identified who received payment, the date that any transfer or payment was made, or the amount of any transfer or payment.

14. The Trustees' claim under I1 U.S.C. § 548 does not meet the pleading requirements as defined in *Bell Atlantic*. The Supreme Court has made clear that simply stating a formulaic recitation of the law applicable to his claim, and put forth conclusory legal and factual allegations that amount to mere *"blanket assertions of entitlement to relief,"* is insufficient to survive *Rule 12(b)(6)* scrutiny. *Bell Atlantic, 127 S.Ct. at 1965*. Because the Complaint fails to state a claim upon which relief can be granted against Shiring under Section 548, this claim should be dismissed.

*Claim for Fraudulent Transfer under State Law*

15. With respect to the state law claims alleged in paragraphs 79-80, the Trustees' first claim falls under §§24.005(a)(1) and (a)(2), respectively, of TUFTA. These provisions state as follows:

> (a) *A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:*
>
> (1) *with actual intent to hinder, delay, or defraud any creditor of the debtor; or*
>
> (2)*without receiving a reasonable equivalent value in exchange for the transfer or obligation, and the debtor*
>
> (A) *was Engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;or*
>
> (B) *intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due. Tex. Bus. & Com. Code §§24.005(a)(1) and (a)(2).*

16. The Trustees' second state law claim against Shiring falls under falls under §§ 24.006(a), which states as follows:

> *A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. Tex. Bus. & Com. Code §§24.006(a).*

17. Importantly, the Trustee generally recites the elements of the TUFTA statute, but again fails to provide any fact that would support relief. Specifically, the Trustee has failed to identify any creditor who existed prior to the alleged transfers that could have avoided such transfers and again does not identify the specific Juliet Investors who

allegedly received payment, the date that any transfer or payment was made, or the amount of any transfer or payment.

18. Just as in his claim under *11 U.S.C. § 548* the Trustees do not meet the pleading requirements as defined in *Bell Atlantic* required for recovery under TUFTA.

***Claim for Piercing the Corporate Veil***

*19.* In paragraphs 82-86 the Trustees are apparently suing unnamed defendants[4]. The Defendants in this case case are left with guessing whether they have some culpability under the cause or whether the Trustees are using this case to assemble Plaintiffs that will allow for the Trustees to meet statutory standing to recover under the recited statutes.

20. However, again the Trustees again fail to provide support to the required elements of the Trustees' Claim. There are no facts plead that show right to recovery against Shiring. Without specific factual allegations to support the Trustees' alleged claim, the claim must fail under the *Bell Atlantic* directive and Shiring is entitled to dismissal of such claim under *Rule 12(b)(6)*.

***Claim for Recovery – Unjust Enrichment***

21. In paragraphs 87-88 the Trustees allege that unspecified causes of action against the Juliet Investors for all equitable remedies to which they may be entitled including but not limited to unjust enrichment. Without identifying the specific payments in question, Plaintiffs assert that to the extent the Juliet Investors received monies from Brown and/or Juliet from sources other than legitimate real estate investment or arms-length business transaction, the Juliet Investors have been unjustly enriched.

22. Again the Trustees provide no support to the required elements of the Trustees' Claim. There are no facts plead that show right to recovery against Shiring. Without specific factual allegations to support the Trustees' alleged claim, the claim must fail

---

[4] Footnote 1, page 7 of the Complaint identifies fifty (50) entities that are apparently the target of this cause of action, but have not been named as defendants in this case.

under the *Bell Atlantic* directive and Shiring is entitled to dismissal of such claim under *Rule 12(b)(6)*.

## MOTION TO DISMISS PURSUANT TO RULE 9(b)

23. Rule 9(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7009, requires that *"in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."* Federal courts have analogized fraud pleading to "the first paragraph of any newspaper story," requiring "the who, what, when, where, and how" of the circumstances with respect to **each and every defendant** alleged to have committed fraud.  A complaint that does not comply with the specificity requirements of *Rule 9(b)* fails to state claims for fraud upon which relief can be granted. *Indiana Bell Telephone Co. v. Lovelady, 2006 WL 485305 at 2 (W.D. Tex 2006); Williams v. WMX Technologies, Inc. 112 F.3d 177 (5th Cir. 1997), cert. denied 118 S.Ct. 412 (1997).*

24. A reading of the Complaint reveals such a global generalized set of allegations that it offends not only *Twomley*, but the provisions of *Rule 9* and must be dismissed. Not only does the requirement provide fair notice, it also serves the ends of justice by weeding out unmeritorious claims, eliminating fishing expeditions, and ensuring that the court knows what specific conduct is being criticized. *Id.*

25. For the additional reason that the Complaint fails to provide specific factual allegations of conduct alleged to support claims against Shiring, the Complaint must be dismissed.

### Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant ROBERT SHIRING respectfully requests that the Court grant this Rule 7012(b)(6) Motion to Dismiss in its entirety with respect to all claims asserted by the Trustee against ROBERT SHIRING. Defendant ROBERT SHIRING also requests such other and further relief as to which he may be entitled.

| | |
|---|---|
| Dated: December 16, 2009. | **LAW OFFICE OF PETER JOHNSON** |
| | */s/ Peter Johnson* |
| By: | _____ |
| | Peter Johnson |
| | State Bar No. 10778400 |
| | Eleven Greenway Plaza, Suite 2820 |
| | Houston, Texas  77046 |
| | pjohnson@pjlaw.com |
| | Telephone (713) 961-1200 |
| | Facsimile (713)  552-1433 |
| | ATTORNEY FOR ROBERT SHIRING |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motioon was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties to the proceeding at the address on the attached service listing  by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on December 16, 2009.

*/s/ Peter Johnson*

_____
PETER JOHNSON

## *SERVICE LIST PURSUANT TO LOCAL RULE 9013*

**07-03442**     **Trustees vs. ROBERT SHIRING**

*indicates electronic service-LBR 1001(b)- (Admin Proc CMF/ECF- III-E)

### PLAINTIFFCOUNSEL:

| | | | |
|---|---|---|---|
| Theresa Mobley * | Cage, Hill & Neuhaus, LLP | 5851 San Felipe, Suite 950 | Houston, TX 77057 |
| Blanche D. Smith* | McFall, Breitbeil & Shults P.C. | 1331 Lamar Street 1250 Four Houston Center | Houston, TX 77010 |

### ALL OTHER PARTIES TO THE PROCEEDING: