UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **JULIET HOMES, LP** | § | Chapter 7 Case **07-36424** |
| *Debtor* | § | |
| | § | |
| IN RE: | § | |
| **DOUGLAS A. BROWN** | § | Chapter 7 Case **07-36422** |
| *Debtor* | § | |
| | § | |
| **JOSEPH M. HILL, TRUSTEE and** | § | |
| **W. STEVE SMITH, TRUSTEE** | § | |
| *Plaintiffs* | § | Adversary No. **09-03429** |
| vs. | § | |
| | § | |
| **ALEX ORIA ET AL** | § | |
| *Defendants* | § | |

## DEFENDANT ROBERT SHIRING'S ORIGINAL ANSWER TO TRUSTEE'S SECOND AMENDED COMPLAINT
### [*Refers to Docket #229*]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, **Robert Shiring (**hereinafter collectively "**Defendant" or "Shiring"** )

and, subject to limitations contained in Court Order and Memorandum [Docket #212 and #213],

which is incorporated herein,  hereby files this Original Answer to the Second Amended

Complaint ("Complaint")  filed by Joseph M. Hill, Trustee ("Trustee" or "Plaintiff") and in

support thereof would show the Court as follows:

### JURY REQUEST

Defendant demands trial by jury on all the issues so triable.

### ANSWER TO COMPLAINT ALLEGATIONS

Defendant denies generally that Plaintiff is entitled to recover and more

specifically, the Defendant responds to the Complaint as follows:

1.  Defendant admits averments contained in paragraph 1 of the Complaint.

2.  Defendant admits averments contained in paragraph 2 of the Complaint.

3.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 3 of the Complaint.

4.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 4 of the Complaint.

5.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 5 of the Complaint.

6.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 6 of the Complaint.

7.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 7 of the Complaint.

8.  Defendant admits averments contained in paragraph 8 of the Complaint.

9.  Defendant has insufficient knowledge to either admit or deny averments contained in paragraph's 9 through 59 of the Complaint.

60. Defendant admits averments contained in paragraph 60 of the Complaint.

61. Defendant denies averments contained in paragraph 61 of the Complaint.

62. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 62 of the Complaint.

63. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 63 of the Complaint.  Provided, Defendant denies averments contained in paragraph 63 of the Complaint to the extent they allege recovery against Defendant.

64. Defendant admits averments contained in paragraph 64 of the Complaint.

65. Defendant admits averments contained in paragraph 65 of the Complaint.

66. Defendant admits averments contained in paragraph 66 of the Complaint.

67. Defendant admits averments contained in paragraph 67 of the Complaint.

68. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 68 of the Complaint.

69. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 69 of the Complaint.

70. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 70 of the Complaint.

71. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 71 of the Complaint.

72. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 72 of the Complaint.

73. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 73 of the Complaint.

74. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 74 of the Complaint.

75. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 75 of the Complaint.

76. Defendant admits averments contained in paragraph 76 of the Complaint.

77. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 77 of the Complaint.

78. Defendant admits averments contained in paragraph 78 of the Complaint.

79. Defendant admits averments contained in paragraph 79 of the Complaint.

80. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 80 of the Complaint.

81. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 81 of the Complaint.

82. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 82 of the Complaint.

83. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 83 of the Complaint.

84. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 84 of the Complaint.

85. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 85 of the Complaint.

86. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 86 of the Complaint.

87. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 87 of the Complaint.

88. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 88 of the Complaint.

89. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 89 of the Complaint.

90. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 90 of the Complaint.

91. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 91 of the Complaint.

92. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 92 of the Complaint.

93. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 93 of the Complaint.

94. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 94 of the Complaint.

95. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 95 of the Complaint.

96. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 96 of the Complaint.

97. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 97 of the Complaint.

98. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 98 of the Complaint.

99. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 99 of the Complaint.

100. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 100 of the Complaint.

101. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 101 of the Complaint.

102. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 102 of the Complaint.

103. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 103 of the Complaint.

104. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 104 of the Complaint.

105. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 105 of the Complaint.

106. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

107. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

108. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

109. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

110. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

111.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

112.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

113.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

114.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 11 of the Complaint.

115.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 1 of the Complaint.

116.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 116 of the Complaint.

117.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 117 of the Complaint.

118.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 118 of the Complaint.

119.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 119 of the Complaint.

120.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 120 of the Complaint.

121.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 121 of the Complaint.

122.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 122 of the Complaint.

123.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 123 of the Complaint.

124.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 124 of the Complaint.

125.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 125 of the Complaint.

126.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 126 of the Complaint.

127.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 127 of the Complaint.

128.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 128 of the Complaint.

129.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 129 of the Complaint.

130.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 130 of the Complaint.

131.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 131 of the Complaint.

132.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 132 of the Complaint.

133.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 133 of the Complaint.

134.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 134 of the Complaint.

135.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 135 of the Complaint.

136.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 136 of the Complaint.

137.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 137 of the Complaint.

138.Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 138 of the Complaint.

139. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 139 of the Complaint.

140. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 140 of the Complaint.

141. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 141 of the Complaint.

142. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 142of the Complaint.

143. Defendant incorporates responses of all other paragraphs to the averments contained in paragraph 143 of the Complaint and specifically denies that Trustee is entitled to recover funds from Defendant detailed in Exhibit "A" attached to the Complaint.

144. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 144 of the Complaint.

145.      Defendant pleads that paragraph 145 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

146. Defendant admits averments contained in paragraph 146 of the Complaint that any transfer to Defendant was for his benefit, but further pleads that such transfer, if any, was for the benefit of the transferor  and further denies that such transfers are recoverable.

147. Defendant denies averments contained in paragraph 147 of the Complaint.

148. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 148 of the Complaint.

149. Defendant denies averments contained in paragraph 149 of the Complaint.

150. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 150 of the Complaint.

151. Defendant denies averments contained in paragraph 151 of the Complaint.

152. Defendant denies averments contained in paragraph 152 of the Complaint.

153.     Defendant pleads that paragraph 153 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

154. Defendant denies averments contained in paragraph 154 of the Complaint.

155. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 155 of the Complaint.

156.     Defendant pleads that paragraph 156 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

157. Defendant denies averments contained in paragraph 157 of the Complaint to the extent it refers to alleged transfers to Defendant.  Provided, Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 157 of the Complaint.

158. Defendant denies averments contained in paragraph 158 of the Complaint to the extent it refers to alleged transfers to Defendant.  Provided, Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 158 of the Complaint.

159.     Defendant pleads that paragraph 159 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

160. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 160 of the Complaint.

161.     Defendant pleads that paragraph 161 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

162.     Defendant pleads that paragraph 162 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

163.     Defendant denies averments contained in paragraph 163 of the Complaint to the extent it refers to alleged transfers to Defendant.  Provided, Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 163 of the Complaint.

164.     Defendant pleads that paragraph 164 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

165.Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 165 of the Complaint.

166.     Defendant pleads that paragraph 166 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

167.     Defendant pleads that paragraph 167 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

168.     Defendant pleads that paragraph 168 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

169.     Defendant denies averments contained in paragraph 169 of the Complaint to the extent it refers to alleged transfers to Defendant.  Provided, Defendant has insufficient knowledge to either admit or deny remaining averments contained in paragraph 169 of the Complaint.

170.     Defendant pleads that paragraph 170 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

171. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 171 of the Complaint.

172. Defendant denies averments contained in paragraph 172 of the Complaint.

173. Defendant denies averments contained in first paragraph of paragraph 173 of the Complaint and further pleads that the remaining items (a)-(d) of the Complaint contain legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

174. Defendant denies averments contained in paragraph 174 of the Complaint.

175. Defendant denies averments contained in paragraph 175 of the Complaint.

176. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 176 of the Complaint.

177. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 177 of the Complaint.

178. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 178 of the Complaint.

179. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 179 of the Complaint.

180. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 180 of the Complaint.

181. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 181 of the Complaint.

182. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 182 of the Complaint.

183. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 183 of the Complaint.

184.    Defendant pleads that paragraph 184 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

185.    Defendant pleads that paragraph 185 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

186. Defendant denies that Trustee is entitled to recover funds from Defendant detailed in Exhibit "A" attached to the Complaint.

187. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 187 of the Complaint.

188. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 188 of the Complaint.

189. Defendant has insufficient knowledge to either admit or deny averments contained in paragraph 189 of the Complaint.

190. Defendant incorporates responses in the preceding paragraphs to the averments contained in paragraph 190 of the Complaint.

191.    Defendant pleads that paragraph 191 of the Complaint contains legal argument to which he is not required to respond.  However, in the event that any of the

statements in such paragraph are deemed to be averments in support of relief in favor of Plaintiff, Defendant denies such averments.

## AFFIRMATIVE DEFENSES

192.    Defendant asserts the affirmative defense of value and good faith.

193.    Defendant asserts all affirmative defenses available under the Texas Business and Commerce Code.

194.    Defendant asserts the affirmative defenses of laches, waiver and estoppel.

195.    Defendant asserts the affirmative defense of limitation to the extent it seeks recovery on allegations that are time barred by statute.

WHEREFORE, Robert Shiring having fully answered the Complaint of the Plaintiff, prays that judgment be entered in favor of Defendant; that Defendant be awarded costs and reasonable attorneys fees, and that Robert Shiring receive such other relief to which he may be legally and equitably entitled.

Dated:  May 2, 2011.

LAW OFFICE OF PETER JOHNSON

*/s/ Peter Johnson*

By: _____
    Peter Johnson
    State Bar No. 10778400
    Eleven Greenway Plaza, Suite 2820
    Houston, Texas  77046
    pjohnson@pjlaw.com
    Telephone (713) 961-1200
    Facsimile (713)  961-0941
    ATTORNEY FOR ROBERT SHIRING

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answer was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice on the attached service listing  by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on May 2, 2011.

*/s/ Peter Johnson*

_____

PETER JOHNSON

## SERVICE LIST PURSUANT TO LOCAL RULE 9013

**07-03442**                                          **Trustees vs. ROBERT SHIRING**

*indicates electronic service-LBR 1001(b)- (Admin Proc CMF/ECF- III-E)

**PLAINTIFFCOUNSEL:**

*Susan Hardie Jacks on behalf of Plaintiff Joseph Hill Ch 7 Trustee
susanjacks@mehaffyweber.com, edocket@mehaffyweber.com;rosasmith@mehaffyweber.com

*Theresa D Mobley on behalf of Plaintiff Joseph Hill Ch 7 Trustee
tmobley@cagehill.com

*Jeremy R Stone on behalf of Plaintiff Joseph Hill Ch 7 Trustee
jeremystone@mehaffyweber.com,
edocket@mehaffyweber.com;leraehancock@mehaffyweber.com;rosasmith@mehaffyweber.com

**ALL OTHER PARTIES TO THE PROCEEDING:**

*Susan J Brandt on behalf of Defendant Greenberg & Company
sbrandt@nathansommers.com, mgarcia@nathansommers.com

Kendall Johan Burr on behalf of Defendant Michael Ecklund
kendall.burr@emhllp.com

William S Chesney on behalf of 3rd Pty Defendant Kimberly Shiring
wchesney@felct.com

Patrick D Devine on behalf of Defendant Terry Luttrell
pdevine@pdevinelaw.com

Bennett G Fisher on behalf of Defendant Julian Fertitta
bgf@fisherlaw.net, emma@fisherlaw.net;krr@fisherlaw.net;john@fisherlaw.net

William Allen Gage on behalf of Defendant TMCM Ventures, LP
gage@buckkeenan.com, bellard@buckkeenan.com;jacobs@buckkeenan.com

T. Josh Judd on behalf of Defendant Julian Fertitta
judd@hooverslovacek.com, ray@hooverslovacek.com

Steven A. Leyh on behalf of Defendant Tom Pirtle
sleyh@leyh-payne.com, khaley@leyh-payne.com;leyh_ecf@yahoo.com

Marilee A Madan on behalf of Defendant Malladi Reddy Dr
mamadan@sbcglobal.net

Gretchen Gauer McCord on behalf of Defendant Greenberg & Company
gmccord@nathansommers.com, bdiep@nathansommers.com;mgarcia@nathansommers.com

Timothy Aaron Million on behalf of Defendant Damazo Vidal
tmillion@munsch.com, gholmes@munsch.com

Randall A Rios on behalf of Defendant Damazo Vidal
rrios@munsch.com, jmarlowe@munsch.com

Leonard H Simon on behalf of Defendant Vincent Galeoto
lsimon@pendergraftsimon.com, lhsimon@comcast.net;mabs@pendergraftsimon.com;lsimon654@yahoo.com

Blanche Duett Smith on behalf of Plaintiff W. Steve Smith
bdsmith@mcfall-law.com, ssmith@mcfall-law.com;llim@mcfall-law.com

John T Unger on behalf of Defendant Don Sanders
john.unger@tklaw.com, john.unger@smhgroup.com

William Kyle Vaughn on behalf of Defendant Vincent Galeoto
kyle@wkvaughnpllc.com

Steve Martin Williard on behalf of Defendant Alex Oria
steve@williardlaw.com

### 09-03429 Notice not electronically mailed to:

Thomas Boyd
5636 Winsome Lane
Houston, TX 77057

Douglas Allen Brown
456 Victoria Terrace
Fort Lauderdale, FL 33301

Erica Brown
456 Victoria Terrace
Ft. Lauderdale, FL 33301

Warren G King on behalf of Defendant Pinnacle Title
Company, LP
Attorney at Law
9999 Bellaire Blvd
Ste 725
Houston, TX 77036

Marquis Capital II Westcott, LP d/b/a Marquis Capital
12002 Bellavista Ct.
Houston, TX 77041

Marquis Capital II, LLC
12002 Bellavista Ct.
Houston, TX 77041

Lawrence Hugo Ramming
50 Briar Hollow East, Suite 210
Houston, TX 77027

Raj M. Rangwani
3934 FM 1960 West, Suite 210
Houston, TX 77068