IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUGLAS A. BROWN, | § | CASE NO. 07-36422-H1-7 |
| JULIET HOMES, L.P., | § | CASE NO. 07-36424-H1-7 |
| JULIET GP, LLC, | § | CASE NO. 07-36426-HI-7 |
| | § | |
| DEBTORS | § | |

| | | |
|---|---|---|
| JOSEPH M. HILL, TRUSTEE | § | |
| AND W. STEVE SMITH, TRUSTEE, | § | |
| | § | |
| PLAINTIFFS. | § | |
| | § | |
| V. | § | ADVERSARY NO. 09-03429 |
| | § | ADVERSARY NO. 09-03441 |
| ALEX ORIA, BERNIE KANE, BINH HO, | § | ADVERSARY NO. 09-03441 |
| BOB SHIRING, BROYD INC. DBA FIRST | § | |
| TEXAS RESIDENTIAL, C&B | § | |
| INVESTMENTS INC., CAROLINE | § | |
| BROWN DBA SORELLA GROUP, | § | |
| CONNIE BROWN, DAMAZO VIDAL, | § | |
| DAVID GREENBERG, DON SANDERS, | § | |
| DON WEIR, ERICA ZEMAITIS BROWN, | § | |
| FRANK POWELL, GGG HOLDINGS, LP, | § | |
| GREENBERG & CO., HUE HO, JAMES | § | |
| COUNCE, JAMES THOMAS, JULIAN | § | |
| FERTITTA, MALLADI REDDY, | § | |
| MARQUIS CAPITAL II WESTCOTT, LP | § | |
| DBA MARQUIS CAPITAL, MARQUIS | § | |
| CAPITAL II, LLC, MELISSA THOMAS, | § | |
| MICHAEL ECKLUND, MIR AZIZI, | § | |
| MUDUGANTI J. REDDY, NADENNE | § | |
| CALDERON, NAJMUDDIN KARIMJEE, | § | |
| PINNACLE TITLE COMPANY, LP, | § | |
| PIRTLE INVESTMENTS, LP, RAJ | § | |
| RANGWANI, RAVI REDDY, RAY | § | |
| LINDGREN, RICHARD ROBERT, | § | |
| ROBERT ODOM, SAIFI, LLC, SANDERS | § | |
| 1998 CHILDREN'S TRUST, SANDERS | § | |
| OPPORTUNITY FUND, LP, SANJAY | § | |
| VARMA, SHAWN GOHEEN, | § | |
| SHREY ASKUMAR PATEL, STEVE | § | |

ITTNER, TERRY LUTTRELL, THAI §
NGUYEN, THEYEN HOANG, THOMAS §
BOYD, TMCM VENTURES, LP, TODD §
STONER, TOM PIRTLE, TULLIS §
THOMAS, VINCENT GALEOTO, §
WARREN G. KING, WASHINGTON HO, §
WILLIAM MARSH RESCO I, LP, AND §
JOANNA GOBER §
§
    DEFENDANTS. §

## UNOPPOSED MOTION FOR LEAVE TO
## FILE ANSWERS AFTER DEADLINE

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Najmuddin Karimjee and Saifi, LLC (together, the "Karimjee Defendants") file this Unopposed Motion for Leave to File Answers after Deadline.

1.      The Karimjee Defendants have not yet answered or appeared in this matter for reasons of excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B). Karimjee is an individual and also serves as the President and Director of Saifi, LLC. Karimjee is a layperson and has limited experience with litigation.

2.      Trustees' Original Complaint names the Karimjee Defendants as parties to the adversary proceeding in a sea of forty-four (44) other defendants. The Original Complaint made no specific factual allegation against the Karimjee Defendants and did not connect the Karimjee Defendants to the causes of action asserted. As such, Karimjee was confused because the Original Complaint did not give fair notice of the essence of the claims brought against the Karimjee Defendants. The First Amended Complaint and the Second Amended Complaint did not give the Karimjee Defendants fair notice of the claims asserted against them, so the Karimjee Defendants again thought that Trustees made a mistake when they included the Karimjee Defendants in such amended pleadings. As a result of such confusion, the Karimjee Defendants did not engage counsel.

3.      When it became clear to the Karimjee Defendants that Trustees were asserting claims against the Karimjee Defendants, they hired counsel. The Karimjee Defendants' motion for leave should be granted because Trustees will not be prejudiced, and importantly, Trustees do not oppose this motion. The Karimjee Defendants seek leave of this Court to file answers.[1]

## CONCLUSION

4.      The Karimjee Defendants respectfully request leave of the Court to file answers after the deadline, and all other relief to which each is entitled.

---

[1]      Attached as Exhibit A is a copy of the Answer of Najmuddin Karimjee and Saifi, L.L.C. to Trustees' Second Amended Complaint.

Respectfully submitted,

By: _____

George R. Gibson
Texas Bar No. 00793802
Southern District of Texas Bar No. 19879
Attorney-in-Charge for Najmuddin Karimjee
and Saifi, LLC
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
713.960.0303 - Telephone
713.892.4800 - Fax

OF COUNSEL:

**NATHAN SOMMERS JACOBS**
A Professional Corporation
Seth A. Miller
Texas Bar No. 24055977
Southern District of Texas Bar No.724733
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
713.960.0303 - Telephone
713.892.4800 - Fax

## CERTIFICATE OF CONFERENCE

This will certify that I have conferred with Jeremy R. Stone, counsel for Trustees, by telephone on August 30, 2011, and he stated that his clients do not oppose to this motion.

_____

George R. Gibson

-4-

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Unopposed Motion for Leave to File Answers after Deadline has been served by electronic submission (ECF) to those parties in the Court's system and served by U.S. First Class Mail to the parties not in the Court's ECF system on September 26, 2011.

**Notice will be served by ECF to:**

**For Joseph M. Hill, Chapter 7 Trustee**
Jeremy R. Stone                                                    By ECF
Susan Hardie Jacks                                                 By ECF
Mehaffy Weber
500 Dallas, Suite 1200
Houston, Texas 77002

Theresa D. Mobley                                                  By ECF
Cage Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057

**For W. Steve Smith**
Blanche Duett Smith                                                By ECF
McFall Breitbeil & Smith
1331 Lamar Street, Suite 1250
Houston, Texas 77010-3027

Jeremy R. Stone                                                    By ECF
Susan Hardie Jacks                                                 By ECF
Mehaffy Weber
500 Dallas, Suite 1200
Houston, Texas 77002

**For Frank Powell**
Jerry M. Young                                                     By ECF
Coats Rose
3 East Greenway Plaza, Suite 2000
Houston, Texas 77046

**For Melissa Thomas**
William S. Chesney III                                             By ECF
Frank, Elmore Lievens Chesney & Turet, L.L.P.
9225 Katy Freeway, Suite 250
Houston, Texas 77024-1564

**For Kimberly Shiring**
William S. Chesney III                                          By ECF
Frank, Elmore Lievens Chesney & Turet, L.L.P.
9225 Katy Freeway, Suite 250
Houston, Texas 77024-1564

**For Michael Ecklund**
Kendall Johan Burr                                             By ECF
Edison, McDowell & Hetherington, LLP
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027

**For Mir Azizi**
John H. Bennett, Jr.                                           By ECF
Attorney at Law
2777 Allen Parkway, Suite 1000
Houston, Texas 77019-2165

**For Alex Oria**
Steve Martin Williard                                          By ECF
The Williard Law Firm LP
1920 N Memorial Way, Suite 207
Houston, Texas 77007

**For James Thomas**
Steve Martin Williard                                          By ECF
The Williard Law Firm LP
1920 N Memorial Way, Suite 207
Houston, Texas 77007

**For Bob Shiring**
Peter Johnson                                                  By ECF
Law Offices of Peter Johnson
Eleven Greenway Plaza, Suite 2820
Houston, Texas 77046

**For Damazo F. Vidal**
Randall A. Rios                                                By ECF
Timothy Aaron Million                                          By ECF
Munsch Hardt Kopf & Harr, P.C.
700 Louisiana, Suite 4600
Houston, Texas 77002

**For David Greenberg**
Kent Altsuler                                                   By ECF
Gretchen Gauer McCord                                           By ECF
Ronald J. Sommers                                              By ECF
Nathan Sommers Jacobs
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102

**For Greenberg & Company**
Kent Altsuler                                                   By ECF
Gretchen Gauer McCord                                           By ECF
Ronald J. Sommers                                              By ECF
Nathan Sommers Jacobs
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102

**For Don Sanders**
John T. Unger                                                   By ECF
Thompson Knight
333 Clay, Suite 3300
Houston, Texas 77002

**For Sanders 1998 Children's Trust**
John T. Unger                                                   By ECF
Thompson Knight
333 Clay, Suite 3300
Houston, Texas 77002

**For Sanders Opportunity Fund, LP**
John T. Unger                                                   By ECF
Thompson Knight
333 Clay, Suite 3300
Houston, Texas 77002

**For Julian Fertitta**
Bennett G. Fisher                                               By ECF
Fisher and Associates, PC
1800 Two Houston Center
909 Fannin Street
Houston, Texas 77010-0000

T. Josh Judd                                                    By ECF
Hoover Slovacek, LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057

**For Tullis Thomas**
William Allen Gage, Jr.                                                          By ECF
Buck Keenan, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

**For TMCM Ventures, LP**
William Allen Gage, Jr.                                                          By ECF
Buck Keenan, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

**For Muduganti J. Reddy**
Marilee A. Madan                                                                By ECF
Marilee A. Madan PC
3109 Avalon Place
Houston, Texas 77019

**For Ravi Reddy**
Marilee A. Madan                                                                By ECF
Marilee A. Madan PC
3109 Avalon Place
Houston, Texas 77019

**For Shreyaskumar Patel**
Marilee A. Madan                                                                By ECF
Marilee A. Madan PC
3109 Avalon Place
Houston, Texas 77019

**For Raj M. Rangwani**
Martin M. Hokanson                                                              By ECF
Attorney at Law
22503 Katy Freeway
Katy, Texas 77450

**For Sanjay Varma**
Martin M. Hokanson                                                              By ECF
Attorney at Law
22503 Katy Freeway
Katy, Texas 77450

**For Richard Robert**
William Allen Gage, Jr.                                                      By ECF
Buck Keenan, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

**For Terry Luttrell**
Patrick D. Devine                                                           By ECF
Attorney at Law
5120 Woodway Drive, Suite 8002
Houston, Texas 77056

**For Vincent Galeoto**
Leonard H. Simon                                                            By ECF
Pendergraft & Simon L.L.P.
2777 Allen Parkway, Suite 800
Houston, Texas 77019

**For Tom Pirtle**
Steven A. Leyh                                                              By ECF
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, Texas 77024

**For Pirtle Investments, LP**
Steven A. Leyh                                                              By ECF
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, Texas 77024

**For Town Creek Partners**
Steven A. Leyh                                                              By ECF
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, Texas 77024

## Notice will be sent by U.S. First Class Mail to:

**For Vincent Galeoto**
William Kyle Vaughn                                                (U.S. First Class Mail)
Vaughn & Associates
2777 Allen Parkway, Suite 800
Houston, Texas 77019

**For Warren Guy King**
Warren G. King                                          (U.S. First Class Mail)
Attorney at Law
9999 Bellaire Boulevard, Suite 725
Houston, Texas 77036

**For Pinnacle Title Company, LP**
Warren G. King                                          (U.S. First Class Mail)
Attorney at Law
9999 Bellaire Boulevard, Suite 725
Houston, Texas 77036

JoAnna Gober, *pro se*                                   (U.S. First Class Mail)
10023 Villa Lea Lane
Houston, Texas 77071

Dr. Malladi Reddy, *pro se*                              (U.S. First Class Mail)
2045 Space Park Drive, Suite 180
Houston, Texas 77058-6304

Lawrence Hugo Ramming, *pro se*                          (U.S. First Class Mail)
50 Briar Hollow East, Suite 210
Houston, Texas 77027

Douglas Allen Brown, *pro se*                            (U.S. First Class Mail)
456 Victoria Terrace
Fort Lauderdale, Florida 33301

Erica Brown, *pro se*                                    (U.S. First Class Mail)
456 Victoria Terrace
Fort Lauderdale, Florida 33301

Marquis Capital II, LLC, *pro se*                        (U.S. First Class Mail)
12002 Bellavista Court
Houston, Texas

Marquis Capital II Westcott, LP d/b/a Marquis Capital, *pro se*   (U.S. First Class Mail)
12002 Bellavista Court
Houston, Texas

C&B Investments, Inc., *pro se*                          (U.S. First Class Mail)
930-N South Mason
Katy, Texas 77450

Thomas Boyd, *pro se*                                    (U.S. First Class Mail)
5636 Winsome Lane
Houston, Texas 77057

ARCOA Funding, LLC, *pro se*                             (U.S. First Class Mail)
5773 Woodway Dr. #121
Houston, Texas 77057

Caroline Brown, *pro se*                                 (U.S. First Class Mail)
3115 Noble Lakes Lane
Houston, Texas 77082

Connie Brown, *pro se*                                   (U.S. First Class Mail)
545 FM 1488 Road, #1206
Houston, Texas 77384

Broyd, Inc., *pro se*                                    (U.S. First Class Mail)
10401 Southwest Freeway, Suite 210
Sugar Land, Texas 77479

Nadenne Calderon, *pro se*                               (U.S. First Class Mail)
619 Knoll Forest Dr.
Sugar Land, Texas 77479

James Counce, *pro se*                                   (U.S. First Class Mail)
2116 Chilton
Houston, Texas 77019

GGG Holdings, *pro se*                                   (U.S. First Class Mail)
16400 Kensington Dr.
Sugar Land, Texas 77479

Shawn Goheen, *pro se*                                   (U.S. First Class Mail)
16400 Kensington Drive
Sugar Land, Texas 77479

Binh Ho, *pro se*                                        (U.S. First Class Mail)
1625 Kirby Dr.
Houston, Texas 77019

Hue Ho, *pro se*                                         (U.S. First Class Mail)
1625 Kirby Dr.
Houston, Texas 77019

Washington Ho, *pro se*                                              (U.S. First Class Mail)
1625 Kirby Dr.
Houston, Texas 77019

Theyen Hoang, *pro se*                                               (U.S. First Class Mail)
5201 Memorial Dr., Ste. 219
Houston, Texas 77007

Steve Ittner, *pro se*                                               (U.S. First Class Mail)
6830 N.Eldridge Pkwy, #511
Houston, Texas 77041

Bernie Kane, *pro se*                                                (U.S. First Class Mail)
5201 Memorial Drive, #219
Houston, Texas 77007

Ray Lindgren, *pro se*                                               (U.S. First Class Mail)
1539 S. Mason Rd, #57
Katy, Texas 77450

Thai Nguyen, *pro se*                                                (U.S. First Class Mail)
2437 South Blvd.
Houston, Texas 77098

Robert Odom, *pro se*                                                (U.S. First Class Mail)
8617 Lupton
Houston, Texas 77055

Todd Pirtle, *pro se*                                                (U.S. First Class Mail)
9433 Bee Caves Road, Suite 3-201
Austin, Texas 78733

Todd Stoner, *pro se*                                                (U.S. First Class Mail)
945 McKinney, Ste. 111
Houston, Texas 77002

Don Weir, *pro se*                                                   (U.S. First Class Mail)
601 Travis, Suite 3100
Houston, Texas 77002

William Marsh Resco I, LP, *pro se*                                  (U.S. First Class Mail)
903 Echo Lane
Houston, Texas 77024

George R. Gibson

W:\Karimjee, Najmuddin\Motion for Leave.wpd

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUGLAS A. BROWN, | § | CASE NO. 07-36422-H1-7 |
| JULIET HOMES, L.P., | § | CASE NO. 07-36424-H1-7 |
| JULIET GP, LLC, | § | CASE NO. 07-36426-HI-7 |
| | § | |
| DEBTORS | § | |

| | | |
|---|---|---|
| JOSEPH M. HILL, TRUSTEE | § | |
| AND W. STEVE SMITH, TRUSTEE, | § | |
| | § | |
| PLAINTIFFS. | § | |
| | § | |
| V. | § | ADVERSARY NO. 09-03429 |
| | § | ADVERSARY NO. 09-03441 |
| ALEX ORIA, BERNIE KANE, BINH HO, | § | ADVERSARY NO. 09-03442 |
| BOB SHIRING, BROYD INC. DBA FIRST | § | |
| TEXAS RESIDENTIAL, C&B | § | |
| INVESTMENTS INC., CAROLINE | § | |
| BROWN DBA SORELLA GROUP, | § | |
| CONNIE BROWN, DAMAZO VIDAL, | § | |
| DAVID GREENBERG, DON SANDERS, | § | |
| DON WEIR, ERICA ZEMAITIS BROWN, | § | |
| FRANK POWELL, GGG HOLDINGS, LP, | § | |
| GREENBERG & CO., HUE HO, JAMES | § | |
| COUNCE, JAMES THOMAS, JULIAN | § | |
| FERTITTA, MALLADI REDDY, | § | |
| MARQUIS CAPITAL II WESTCOTT, LP | § | |
| DBA MARQUIS CAPITAL, MARQUIS | § | |
| CAPITAL II, LLC, MELISSA THOMAS, | § | |
| MICHAEL ECKLUND, MIR AZIZI, | § | |
| MUDUGANTI J. REDDY, NADENNE | § | |
| CALDERON, NAJMUDDIN KARIMJEE, | § | |
| PINNACLE TITLE COMPANY, LP, | § | |
| PIRTLE INVESTMENTS, LP, RAJ | § | |
| RANGWANI, RAVI REDDY, RAY | § | |
| LINDGREN, RICHARD ROBERT, | § | |
| ROBERT ODOM, SAIFI, LLC, SANDERS | § | |
| 1998 CHILDREN'S TRUST, SANDERS | § | |
| OPPORTUNITY FUND, LP, SANJAY | § | |
| VARMA, SHAWN GOHEEN, | § | |
| SHREY ASKUMAR PATEL, STEVE | § | |



EXHIBIT

A

ITTNER, TERRY LUTTRELL, THAI        §
NGUYEN, THEYEN HOANG, THOMAS        §
BOYD, TMCM VENTURES, LP, TODD       §
STONER, TOM PIRTLE, TULLIS          §
THOMAS, VINCENT GALEOTO,            §
WARREN G. KING, WASHINGTON HO,      §
WILLIAM MARSH RESCO I, LP, AND      §
JOANNA GOBER,                       §
                                    §
    DEFENDANTS.                     §

## ANSWER OF NAJMUDDIN KARIMJEE AND SAIFI, L.L.C. TO TRUSTEES' SECOND AMENDED COMPLAINT

Najmuddin Karimjee ("Karimjee") and Saifi, L.L.C. ("Saifi") file this Answer to Trustees' Second Amended Complaint. Paragraphs Nos. 1 through and including 191 of this answer correspond to the same paragraph numbers in Trustees' Second Amended Complaint.

### I. PARTIES AND SERVICE

1.     Karimjee and Saifi admit the allegation in this paragraph.

2.     Karimjee and Saifi admit the allegation in this paragraph.

3.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

4.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

5.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

6.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

7.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about

-2-

the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

8.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

9.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

10.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

11.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

12.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

13.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

14.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

15.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

16.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

17.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

18.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

19.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

20.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

21.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

22.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

23.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

24.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

25.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

26.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

27.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

28.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

29.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

30.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about

the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

31.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

32.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

33.     Karimjee admits the allegation in this paragraph.   Saifi lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

34.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

35.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

36.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

37.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

38.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

39.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

40.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

41.     Saifi admits that it is a Texas limited liability company and can be served through

-5-

its registered agent at the address listed by the Trustees. Karimjee admits that Saifi is a Texas limited liability company and can be served through its registered agent at the address listed in the Second Amended Complaint. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of any other allegations in this paragraph; such allegations are therefore effectively denied.

42.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

43.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

44.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

45.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

46.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

47.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

48.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

49.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

50.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

51.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

52.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

53.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

54.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

55.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

56.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

57.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

58.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

59.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## II. JURISDICTION

60.     Karimjee and Saifi admit that the Trustees have brought this adversary proceeding under the bankruptcy statutes cited, but deny that the claims arise under Title 11 and are claims arising in or related to a case under Title 11. Karimjee affirmatively pleads that the Court has no jurisdiction over the claims Trustees bring against Karimjee because Karimjee is not liable in the

capacity in which it he has been sued. Additionally, Karimjee and Saifi affirmatively plead that the Trustees have no standing to sue either Karimjee or Saifi because any injury in fact to the Debtors has not been caused by either Karimjee or Saifi.

61.     Karimjee and Saifi lack knowledge or information sufficient to form a belief as to whether 11 U.S.C. § 1334(c) applies because they lack knowledge or information regarding the property of Juliet and Brown, if any. Such allegations are therefore effectively denied. Karimjee affirmatively pleads that the Court has no jurisdiction over the claims Trustees bring against Karimjee because Karimjee is not liable in the capacity in which it he has been sued. Additionally, Karimjee and Saifi affirmatively plead that the Trustees have no standing to sue either Karimjee or Saifi because any injury in fact to the Debtors has not been caused by either Karimjee or Saifi.

62.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied. Karimjee affirmatively pleads that the Court has no jurisdiction over the claims Trustees bring against Karimjee because Karimjee is not liable in the capacity in which it he has been sued. Additionally, Karimjee and Saifi affirmatively plead that the Trustees have no standing to sue either Karimjee or Saifi because any injury in fact to the Debtors has not been caused by either Karimjee or Saifi.

63.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied. Karimjee affirmatively pleads that the Court has no jurisdiction over the claims Trustees bring against Karimjee because Karimjee is not liable in the capacity in which it he has been sued. Additionally, Karimjee and Saifi affirmatively plead that the Trustees have no standing to sue either Karimjee or Saifi because any injury in fact to the Debtors has not been caused by either Karimjee

-8-

or Saifi.

## III.  VENUE

64.     Subject to and without waiving any defenses or affirmative defenses, Karimjee and Saifi admit the allegations in this paragraph.

## IV.  PROCEDURAL BACKGROUND

65.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

66.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

67.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

68.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

69.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

70.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the footnote; such allegations are therefore effectively denied.

71.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

72.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

73.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about

the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

74.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

75.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

76.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

77.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

78.     Karimjee and Saifi admit the allegations in this paragraph.

79.     Karimjee and Saifi admit the allegations in this paragraph.

80.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## V.  FACTS

81.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

A.     **Summary of Various Components of Debtors' Scheme**

1.     **Builders**

a.     **Counce Custom Homes**

82.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

83.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

84.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

85.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

        **b.      Rescon**

86.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

87.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

        **2.      Investors**

88.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

89.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

90.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

91.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

        **3.      Mortgage Lender**

92.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

93.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 4.    Debtors' Project Partnerships

94.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the footnote therein; such allegations are therefore effectively denied.

95.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

#### a.    Guaranteed Return on Investment

96.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

97.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

98.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

#### b.    Transfers to Defendant Investors

##### i.    Consulting Fees

99.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

##### ii.    Money Order, Cashier's Check, and "Loans"

100.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

101.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

102.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about

-12-

the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### c. Commingling of Assets

103. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

104. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

105. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

106. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

107. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

108. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### d. Investor "Buyouts"

109. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

110. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### 5. Straw Buyers

111. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

-13-

112.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

113.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

114.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

115.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

116.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

6.     **Pinnacle Title Company**

117.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

118.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

119.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

120.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

121.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

122.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

-14-

**B.     Summary of the Debtors' Scheme**

123.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

124.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

125.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

126.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

127.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

128.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

129.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

130.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

131.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

132.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

133.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

134.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

135.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

136.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

137.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

138.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

139.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the footnote therein; such allegations are therefore effectively denied.

140.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

141.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

142.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

## VI.  CAUSES OF ACTION

143.    This paragraph incorporates by reference other paragraphs and Trustees' Exhibit A. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph. To the extent that Exhibit A contains averments, Karimjee

-16-

and Saifi lack knowledge or information sufficient to form a belief about the truth of such averments, if any, in Exhibit A, and such averments, if any, are therefore effectively denied.

## A.     Preferential Transfer under 11 U.S.C. § 547

144.     This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

145.     Karimjee and Saifi plead that Paragraph 145 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 145 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

146.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

147.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

148.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

149.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

150.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

151.     Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

152.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

153.    Karimjee and Saifi plead that Paragraph 153 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 153 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

154.    Karimjee and Saifi plead that Paragraph 154 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 154 or the chart referred to contain allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

## B.    Fraudulent Transfer under 11 U.S.C. § 548

155.    This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

156.    Karimjee and Saifi plead that Paragraph 156 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 156 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

157.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

158.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

159.    Karimjee and Saifi plead that Paragraph 159 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond.  To the extent that Paragraph 159 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

## C.    Fraudulent Transfer under TEX. BUS. & COM. CODE § 24.005

160.    This paragraph incorporates by reference other paragraphs.  Karimjee and Saifi assert their responses to each of the incorporated paragraphs.  Karimjee and Saifi deny the allegations in this paragraph.

161.    Karimjee and Saifi plead that Paragraph 161 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond.  To the extent that Paragraph 161 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

162.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and in the chart referenced, if any; such allegations are therefore effectively denied.

163.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

164.    Karimjee and Saifi plead that Paragraph 164 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond.  To the extent that

-19-

Paragraph 164 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

**D.      Fraudulent Transfer under TEX. BUS. & COM. CODE § 24.006**

165.      This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

166.      Karimjee and Saifi plead that Paragraph 166 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 166 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

167.      Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

168.      Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

169.      Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

170.      Karimjee and Saifi plead that Paragraph 170 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 170 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

E.    **Piercing the Corporate Veil / Alter Ego / Sham to Perpetrate a Fraud**

171.    This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

172.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

173.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

174.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

175.    Karimjee and Saifi plead that Paragraph 175 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 175 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

F.    **Fraud**

    i.    **Common Law Fraud**

176.    This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

177.    Karimjee and Saifi plead that Paragraph 177 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this

paragraph; such allegations are therefore effectively denied.

### ii.   Statutory Fraud in a Real Estate Transaction

178.   This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

179.   Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### G.   Constructive Fraud

180.   This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

181.   Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

182.   Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

### H.   Conversion / Misappropriation of Assets / Unjust Enrichment

183.   This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

184.   Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

185.   Karimjee and Saifi lack knowledge or information sufficient to form a belief about

-22-

the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

186.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

**I.    Punitive Damages**

187.    This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

188.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

189.    Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; such allegations are therefore effectively denied.

**J.    Attorneys' Fees and Costs**

190.    This paragraph incorporates by reference other paragraphs. Karimjee and Saifi assert their responses to each of the incorporated paragraphs. Karimjee and Saifi deny the allegations in this paragraph.

191.    Karimjee and Saifi plead that Paragraph 191 of the Second Amended Complaint contains legal argument and neither Karimjee nor Saifi are required to respond. To the extent that Paragraph 191 contains allegations, Karimjee and Saifi lack knowledge or information sufficient to form a belief about the truth of such allegations, if any; such allegations, if any, are therefore effectively denied.

**KARIMJEE'S AND SAIFI'S AFFIRMATIVE DEFENSES**

192.    Karimjee and Saifi assert the affirmative defense of proportionate responsibility and contribution. Debtors' own acts or omissions caused or contributed to their injury, not any action

-23-

or omission by Karimjee or Saifi.

193.    Karimjee asserts the affirmative defense of capacity. Karimjee affirmatively pleads that the Court has no jurisdiction over the claims Trustees bring against Karimjee because Karimjee is not liable in the capacity in which it he has been sued.

194.    Karimjee and Saifi affirmatively pleads that the Trustees have no standing to sue either Karimjee or Saifi because any injury in fact to the Debtors has not been caused by either Karimjee or Saifi.

195.    Karimjee and Saifi affirmatively plead the defense of laches. Trustees have been unreasonably dilatory or negligent in pursuing their rights or claims, if any.

196.    Karimjee and Saifi affirmatively plead the defense of release. Debtors have released Karimjee and Saifi of the claims Trustees now assert.

197.    Karimjee and Saifi affirmatively plead the defense of *in pari delicto*. The conduct complained of, if any, was committed by the Debtors and their agents, representatives, and employees and with the cooperation of the management of Debtors.

198.    Karimjee and Saifi affirmatively plead the defense of failure to mitigate damages. Debtors and Trustees failed to mitigate their damages.

199.    Karimjee and Saifi affirmatively plead the defense of accord and satisfaction. Debtors, Karimjee, and Saifi specifically and intentionally agreed to discharge the obligation and such agreement was accompanied by declarations that the creditor was certain to understand.

200.    Karimjee and Saifi affirmatively plead the defense of estoppel. Debtors, and, if applicable, Debtors' creditors, made representations regarding Debtors' financial condition. Karimjee and Saifi accepted such representations as true and relied upon such representations. Debtor gave assurances to Karimjee and Saifi regarding its business. Debtors are now precluded

-24-

from asserting certain claims against Karimjee and Saifi because Debtors previously consented to the alleged conduct that it now claims to be wrongful. For these reasons, Trustees and Debtors are now estopped from bringing claims based on that same alleged conduct or inaction.

201.    Karimjee and Saifi affirmatively plead the defense of waiver. Waiver is the intentional relinquishment of a known right. To the extent Trustees brings claims against Karimjee and Saifi based on alleged conduct or inaction to which Debtors previously consented, Trustees have waived such claims.

202.    Karimjee and Saifi affirmatively plead the defense of limitations/repose. The following are the applicable limitations periods and assertions regarding the causes of action asserted by Trustees that purport to involve Karimjee and Saifi:

- Conversion: two years. TEX. CIV. PRAC. & REM. CODE § 16.003. Some of the alleged conduct that serves as the basis for Trustees' civil theft/conversion cause of action occurred more than two years before the date of the filing of the Complaint;

- Unjust enrichment: two years. TEX. CIV. PRAC. & REM. CODE § 16.003. Some of the alleged conduct that serves as the basis for Trustees' unjust enrichment cause of action occurred more than two years before the date of the filing of his Complaint.

203.    With regard to Trustees' fraudulent transfer claims, Karimjee and Saifi affirmatively plead the following defenses:

- Neither the factual allegations in the Second Amended Complaint nor the Transfer Charts attached to the Second Amended Complaint assert or make clear that any transfer to Karimjee or Saifi is voidable. Karimjee and Saifi assert that with regard to some of the alleged transfers contained in the Second Amended Complaint, Trustees lack standing/capacity to sue. Pursuant to FED. R. CIV. P. 12(b)(1), Karimjee and Saifi plead that this Court lacks subject matter jurisdiction over any claims involving transfers that did not originate from Debtors. The Bankruptcy Code only allows a trustee to avoid a transfer "of an interest of the debtor in property . . . " See 11 U.S.C. § 548; In re Jackson, 105 B.R. 15, 16 (Bankr. S.D. Ohio 1989) ("An essential element in a fraudulent transfer action is that the debtor had an interest in the

-25-

property transferred").

- Karimjee and Saifi assert that some of the fraudulent transfer claims brought by Trustees are barred by limitations/repose a trustee may only avoid a transfer of an interest of Debtors that was made or incurred within two years before the date of the filing of the bankruptcy petition. 11 U.S.C. § 548. Under Texas law, an action for fraudulent transfer is extinguished unless the action is brought within four years after the transfer was made. TEX. BUS. & COM. CODE § 24.010. Moreover, any claims based on any transfers that are not identified with specificity in the Second Amended Complaint are barred by the applicable statute of limitations. Such claims do not relate back under Rule 15 of the Federal Rules of Civil Procedure. Trustees are barred from recovering on any claims or transfers that are barred by limitations.

- Karimjee and Saifi assert that the fraudulent transfer claims made against them under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because it is entitled to the protections of 11 U.S.C. § 548(c), 11 U.S.C. § 550(b), and TEX. BUS. & COM. CODE § 24.009(a). At all relevant times, Karimjee and Saifi acted in good faith, gave fair/reasonably equivalent value, and lacked knowledge of the voidability of any of the transfers at issue. *See First Nat'l Bank of Seminole v. Hooper*, 104 S.W.3d 83, 85 (Tex. 2003).

- Karimjee and Saifi assert that the fraudulent transfer claims made against them under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part by 11 U.S.C. § 550(b). Trustees cannot recover from a transferee that took for value (including satisfaction of a present or antecedent debt), in good faith, and without knowledge of the voidability of the transfer. Also, Trustees cannot recover from any immediate or mediate good faith transferee of such transferee. Karimjee and Saifi were not the initial transferee in the transfers at issue in this case. Karimjee and Saifi did not receive any funds from Debtors; the funds received by Karimjee and Saifi were not the property of the bankruptcy estate. Moreover, at all relevant times Karimjee and Saifi took for value, in good faith, and without knowledge of the voidability of the transfer.

204.    The following assertions of avoidance or defense may or may not be considered

affirmative defenses. In any case, the following assertions of avoidance do not alter the fact that

Trustees have the burden of proof with regard to establishing all of the causes of action brought in

the Second Amended Complaint, and Karimjee and Saifi do not waive or assume a burden of proof

or persuasion on any defense. These avoidances or defenses are in the alternative, and as a

-26-

supplement to the other provisions of this answer.

205.    Karimjee and Saifi affirmatively plead that each did not have any involvement with

Debtors.

206.    Karimjee and Saifi affirmatively plead the following in response to Trustee's

fraudulent transfer claims under 11 U.S.C. § 548 and applicable state law:

- Karimjee and Saifi assert that the fraudulent transfer claims brought against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because it lacked the requisite actual intent to hinder, delay, or defraud any entity. *See* 11 U.S.C. § 548(a)(1)(A) and TEX. BUS. & COM. CODE § 24.005(a)(1).

- Karimjee and Saifi assert that the fraudulent transfer claims brought against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because of the receipt of reasonably equivalent value, including the discharge of an antecedent debt. *See* 11 U.S.C. § 548(a)(1)(B)(i) and TEX. BUS. & COM. CODE § 24.005(a)(2).

- Karimjee and Saifi assert that the fraudulent transfer claims brought against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtors were not insolvent on the date that transfers were made.  Moreover, Debtors did not become insolvent as a result of such transfers. *See* 11 U.S.C. § 548(a)(1)(B)(ii).

- Karimjee and Saifi assert that the fraudulent transfer claims brought against it under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtors were not left with unreasonably small capital for the business and transactions with which it was engaged.  See 11 U.S.C. § 548(a)(1)(B)(ii) and TEX. BUS. & COM. CODE § 24.005(a)(2)(A).

- Karimjee and Saifi assert that the fraudulent transfer claims brought against them under 11 U.S.C. § 548 and applicable state law are barred, in whole or in part, because Debtors did not intend to incur, or believe that they would incur, debts that would be beyond their ability to pay as such debts matured. *See* 11 U.S.C. § 548(a)(1)(B)(ii) and TEX. BUS. & COM. CODE § 24.005(a)(2)(B).

- Subject to and without waiving any of its other defenses, Karimjee and Saifi assert that to the extent Trustees' fraudulent transfer claims are allowed, Karimjee and Saifi are entitled to a lien on the recovered assets equal to the value given to Debtors in exchange for the transfers pursuant to 11 U.S.C. §

548(c) and TEX. BUS. & COM. CODE § 24.009(d)(1)(A).

- Subject to and without waiving any of its other defenses, Karimjee and Saifi assert that to the extent Trustees' fraudulent transfer claims are allowed, Karimjee and Saifi are entitled to a reduction in the amount of its liability for those claims to the extent of the value given to Debtors pursuant to TEX. BUS. & COM. CODE § 24.009(d)(1)(C).

207. The distributions upon which Trustees base their claims against Karimjee and Saifi were not made by Debtors to Karimjee or Saifi.

## RESERVATION OF RIGHTS

208. Karimjee and Saifi reserve the right to raise any additional defenses, affirmative defenses, and avoidances that may arise after discovery is conducted.

## Prayer

209. Najmuddin Karimjee and Saifi, L.L.C. deny all claims and requests for relief and allegations made in the prayer of the Second Amended Complaint, demand trial by jury, request that the Second Amended Complaint be dismissed, request a take-nothing judgment against the Trustees and in favor of Najmuddin Karimjee and Saifi, L.L.C., and grant all other relief to which they are entitled.

-28-

Respectfully submitted,

By: _____

      George R. Gibson
      Texas Bar No. 00793802
      Southern District of Texas Bar No. 19879
      Attorney-in-Charge for Najmuddin Karimjee
      and Saifi, LLC
      2800 Post Oak Boulevard, 61st Floor
      Houston, Texas 77056
      713.960.0303 - Telephone
      713.892.4800 - Fax

OF COUNSEL:

**NATHAN SOMMERS JACOBS**
A Professional Corporation
Seth A. Miller
Texas Bar No. 24055977
Southern District of Texas Bar No. 724733
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
713.960.0303 - Telephone
713.892.4800 - Fax

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Answer of Najmuddin Karimjee and Saifi, L.L.C. to Trustees' Second Amended Complaint has been served by electronic submission (ECF) to those parties in the Court's system and served by U.S. First Class Mail to the parties not in the Court's ECF system on September 26, 2011.

**Notice will be served by ECF to:**

**For Joseph M. Hill, Chapter 7 Trustee**
Jeremy R. Stone                                          By ECF
Susan Hardie Jacks                                       By ECF
Mehaffy Weber
500 Dallas, Suite 1200
Houston, Texas 77002

Theresa D. Mobley                                        By ECF
Cage Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057

**For W. Steve Smith**
Blanche Duett Smith                                      By ECF
McFall Breitbeil & Smith
1331 Lamar Street, Suite 1250
Houston, Texas 77010-3027

Jeremy R. Stone                                          By ECF
Susan Hardie Jacks                                       By ECF
Mehaffy Weber
500 Dallas, Suite 1200
Houston, Texas 77002

**For Frank Powell**
Jerry M. Young                                           By ECF
Coats Rose
3 East Greenway Plaza, Suite 2000
Houston, Texas 77046

**For Melissa Thomas**
William S. Chesney III                                   By ECF
Frank, Elmore Lievens Chesney & Turet, L.L.P.
9225 Katy Freeway, Suite 250
Houston, Texas 77024-1564

-30-

**For Kimberly Shiring**
William S. Chesney III                                              By ECF
Frank, Elmore Lievens Chesney & Turet, L.L.P.
9225 Katy Freeway, Suite 250
Houston, Texas 77024-1564

**For Michael Ecklund**
Kendall Johan Burr                                                 By ECF
Edison, McDowell & Hetherington, LLP
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027

**For Mir Azizi**
John H. Bennett, Jr.                                               By ECF
Attorney at Law
2777 Allen Parkway, Suite 1000
Houston, Texas 77019-2165

**For Alex Oria**
Steve Martin Williard                                             By ECF
The Williard Law Firm LP
1920 N Memorial Way, Suite 207
Houston, Texas 77007

**For James Thomas**
Steve Martin Williard                                             By ECF
The Williard Law Firm LP
1920 N Memorial Way, Suite 207
Houston, Texas 77007

**For Bob Shiring**
Peter Johnson                                                      By ECF
Law Offices of Peter Johnson
Eleven Greenway Plaza, Suite 2820
Houston, Texas 77046

**For Damazo F. Vidal**
Randall A. Rios                                                    By ECF
Timothy Aaron Million                                             By ECF
Munsch Hardt Kopf & Harr, P.C.
700 Louisiana, Suite 4600
Houston, Texas 77002

**For David Greenberg**
Kent Altsuler                                        By ECF
Gretchen Gauer McCord                                By ECF
Ronald J. Sommers                                    By ECF
Nathan Sommers Jacobs
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102

**For Greenberg & Company**
Kent Altsuler                                        By ECF
Gretchen Gauer McCord                                By ECF
Ronald J. Sommers                                    By ECF
Nathan Sommers Jacobs
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102

**For Don Sanders**
John T. Unger                                        By ECF
Thompson Knight
333 Clay, Suite 3300
Houston, Texas 77002

**For Sanders 1998 Children's Trust**
John T. Unger                                        By ECF
Thompson Knight
333 Clay, Suite 3300
Houston, Texas 77002

**For Sanders Opportunity Fund, LP**
John T. Unger                                        By ECF
Thompson Knight
333 Clay, Suite 3300
Houston, Texas 77002

**For Julian Fertitta**
Bennett G. Fisher                                    By ECF
Fisher and Associates, PC
1800 Two Houston Center
909 Fannin Street
Houston, Texas 77010-0000

T. Josh Judd                                         By ECF
Hoover Slovacek, LLP
5847 San Felipe, Suite 2200
Houston, Texas 77057

**For Tullis Thomas**
William Allen Gage, Jr.                                                    By ECF
Buck Keenan, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

**For TMCM Ventures, LP**
William Allen Gage, Jr.                                                    By ECF
Buck Keenan, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

**For Muduganti J. Reddy**
Marilee A. Madan                                                          By ECF
Marilee A. Madan PC
3109 Avalon Place
Houston, Texas 77019

**For Ravi Reddy**
Marilee A. Madan                                                          By ECF
Marilee A. Madan PC
3109 Avalon Place
Houston, Texas 77019

**For Shreyaskumar Patel**
Marilee A. Madan                                                          By ECF
Marilee A. Madan PC
3109 Avalon Place
Houston, Texas 77019

**For Raj M. Rangwani**
Martin M. Hokanson                                                        By ECF
Attorney at Law
22503 Katy Freeway
Katy, Texas 77450

**For Sanjay Varma**
Martin M. Hokanson                                                        By ECF
Attorney at Law
22503 Katy Freeway
Katy, Texas 77450

**For Richard Robert**
William Allen Gage, Jr.                                          By ECF
Buck Keenan, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002

**For Terry Luttrell**
Patrick D. Devine                                              By ECF
Attorney at Law
5120 Woodway Drive, Suite 8002
Houston, Texas 77056

**For Vincent Galeoto**
Leonard H. Simon                                              By ECF
Pendergraft & Simon L.L.P.
2777 Allen Parkway, Suite 800
Houston, Texas 77019

**For Tom Pirtle**
Steven A. Leyh                                                By ECF
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, Texas 77024

**For Pirtle Investments, LP**
Steven A. Leyh                                                By ECF
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, Texas 77024

**For Town Creek Partners**
Steven A. Leyh                                                By ECF
Leyh & Payne, LLP
9545 Katy Freeway, Suite 200
Houston, Texas 77024

## Notice will be sent by U.S. First Class Mail to:

**For Vincent Galeoto**
William Kyle Vaughn                                    (U.S. First Class Mail)
Vaughn & Associates
2777 Allen Parkway, Suite 800
Houston, Texas 77019

-34-

**For Warren Guy King**
Warren G. King                                                    (U.S. First Class Mail)
Attorney at Law
9999 Bellaire Boulevard, Suite 725
Houston, Texas 77036

**For Pinnacle Title Company, LP**
Warren G. King                                                    (U.S. First Class Mail)
Attorney at Law
9999 Bellaire Boulevard, Suite 725
Houston, Texas 77036

JoAnna Gober, *pro se*                                            (U.S. First Class Mail)
10023 Villa Lea Lane
Houston, Texas 77071

Dr. Malladi Reddy, *pro se*                                       (U.S. First Class Mail)
2045 Space Park Drive, Suite 180
Houston, Texas 77058-6304

Lawrence Hugo Ramming, *pro se*                                   (U.S. First Class Mail)
50 Briar Hollow East, Suite 210
Houston, Texas 77027

Douglas Allen Brown, *pro se*                                     (U.S. First Class Mail)
456 Victoria Terrace
Fort Lauderdale, Florida 33301

Erica Brown, *pro se*                                             (U.S. First Class Mail)
456 Victoria Terrace
Fort Lauderdale, Florida 33301

Marquis Capital II, LLC, *pro se*                                 (U.S. First Class Mail)
12002 Bellavista Court
Houston, Texas

Marquis Capital II Westcott, LP d/b/a Marquis Capital, *pro se*   (U.S. First Class Mail)
12002 Bellavista Court
Houston, Texas

C&B Investments, Inc., *pro se*                                   (U.S. First Class Mail)
930-N South Mason
Katy, Texas 77450

-35-

Thomas Boyd, *pro se*                                        (U.S. First Class Mail)
5636 Winsome Lane
Houston, Texas 77057

ARCOA Funding, LLC, *pro se*                                 (U.S. First Class Mail)
5773 Woodway Dr. #121
Houston, Texas 77057

Caroline Brown, *pro se*                                     (U.S. First Class Mail)
3115 Noble Lakes Lane
Houston, Texas 77082

Connie Brown, *pro se*                                       (U.S. First Class Mail)
545 FM 1488 Road, #1206
Houston, Texas 77384

Broyd, Inc., *pro se*                                        (U.S. First Class Mail)
10401 Southwest Freeway, Suite 210
Sugar Land, Texas 77479

Nadenne Calderon, *pro se*                                   (U.S. First Class Mail)
619 Knoll Forest Dr.
Sugar Land, Texas 77479

James Counce, *pro se*                                       (U.S. First Class Mail)
2116 Chilton
Houston, Texas 77019

GGG Holdings, *pro se*                                       (U.S. First Class Mail)
16400 Kensington Dr.
Sugar Land, Texas 77479

Shawn Goheen, *pro se*                                       (U.S. First Class Mail)
16400 Kensington Drive
Sugar Land, Texas 77479

Binh Ho, *pro se*                                            (U.S. First Class Mail)
1625 Kirby Dr.
Houston, Texas 77019

Hue Ho, *pro se*                                             (U.S. First Class Mail)
1625 Kirby Dr.
Houston, Texas 77019

Washington Ho, *pro se*                                          (U.S. First Class Mail)
1625 Kirby Dr.
Houston, Texas 77019

Theyen Hoang, *pro se*                                          (U.S. First Class Mail)
5201 Memorial Dr., Ste. 219
Houston, Texas 77007

Steve Ittner, *pro se*                                          (U.S. First Class Mail)
6830 N.Eldridge Parkway, #511
Houston, Texas 77041

Bernie Kane, *pro se*                                          (U.S. First Class Mail)
5201 Memorial Drive, #219
Houston, Texas 77007

Ray Lindgren, *pro se*                                          (U.S. First Class Mail)
1539 S. Mason Rd, #57
Katy, Texas 77450

Thai Nguyen, *pro se*                                          (U.S. First Class Mail)
2437 South Boulevard.
Houston, Texas 77098

Robert Odom, *pro se*                                          (U.S. First Class Mail)
8617 Lupton
Houston, Texas 77055

Todd Pirtle, *pro se*                                          (U.S. First Class Mail)
9433 Bee Caves Road, Suite 3-201
Austin, Texas 78733

Todd Stoner, *pro se*                                          (U.S. First Class Mail)
945 McKinney, Ste. 111
Houston, Texas 77002

Don Weir, *pro se*                                          (U.S. First Class Mail)
601 Travis, Suite 3100
Houston, Texas 77002

William Marsh Resco I, LP, *pro se*                                          (U.S. First Class Mail)
903 Echo Lane
Houston, Texas 77024

George R. Gibson

W:\Karimjee, Najmuddin\Answer.wpd

-38-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUGLAS A. BROWN, | § | CASE NO. 07-36422-H1-7 |
| JULIET HOMES, L.P., | § | CASE NO. 07-36424-H1-7 |
| JULIET GP, LLC, | § | CASE NO. 07-36426-HI-7 |
| | § | |
| DEBTORS | § | |

| | | |
|---|---|---|
| JOSEPH M. HILL, TRUSTEE | § | |
| AND W. STEVE SMITH, TRUSTEE, | § | |
| | § | |
| PLAINTIFFS. | § | |
| | § | |
| V. | § | ADVERSARY NO. 09-03429 |
| | § | ADVERSARY NO. 09-03441 |
| ALEX ORIA, BERNIE KANE, BINH HO, | § | ADVERSARY NO. 09-03442 |
| BOB SHIRING, BROYD INC. DBA FIRST | § | |
| TEXAS RESIDENTIAL, C&B | § | |
| INVESTMENTS INC., CAROLINE | § | |
| BROWN DBA SORELLA GROUP, | § | |
| CONNIE BROWN, DAMAZO VIDAL, | § | |
| DAVID GREENBERG, DON SANDERS, | § | |
| DON WEIR, ERICA ZEMAITIS BROWN, | § | |
| FRANK POWELL, GGG HOLDINGS, LP, | § | |
| GREENBERG & CO., HUE HO, JAMES | § | |
| COUNCE, JAMES THOMAS, JULIAN | § | |
| FERTITTA, MALLADI REDDY, | § | |
| MARQUIS CAPITAL II WESTCOTT, LP | § | |
| DBA MARQUIS CAPITAL, MARQUIS | § | |
| CAPITAL II, LLC, MELISSA THOMAS, | § | |
| MICHAEL ECKLUND, MIR AZIZI, | § | |
| MUDUGANTI J. REDDY, NADENNE | § | |
| CALDERON, NAJMUDDIN KARIMJEE, | § | |
| PINNACLE TITLE COMPANY, LP, | § | |
| PIRTLE INVESTMENTS, LP, RAJ | § | |
| RANGWANI, RAVI REDDY, RAY | § | |
| LINDGREN, RICHARD ROBERT, | § | |
| ROBERT ODOM, SAIFI, LLC, SANDERS | § | |
| 1998 CHILDREN'S TRUST, SANDERS | § | |
| OPPORTUNITY FUND, LP, SANJAY | § | |
| VARMA, SHAWN GOHEEN, | § | |
| SHREY ASKUMAR PATEL, STEVE | § | |

ITTNER, TERRY LUTTRELL, THAI      §
NGUYEN, THEYEN HOANG, THOMAS      §
BOYD, TMCM VENTURES, LP, TODD      §
STONER, TOM PIRTLE, TULLIS         §
THOMAS, VINCENT GALEOTO,           §
WARREN G. KING, WASHINGTON HO,     §
WILLIAM MARSH RESCO I, LP, AND     §
JOANNA GOBER,                      §
                                   §
        DEFENDANTS.                §

## ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE ANSWERS AFTER DEADLINE

On September 26, 2011, Najmuddin Karimjee and Saifi, LLC filed their Unopposed

Motion for Leave to File Answers after Deadline.  After considering the motion, the Court grants

leave so that Najmuddin Karimjee and Saifi, LLC may each file an answer within fourteen (14)

days of the entry of this Order.  Accordingly, it is

ORDERED, ADJUDGED, and DECREED that Najmuddin Karimjee and Saifi, LLC,

each, may file an answer within fourteen (14) days of the date of this Order.

SIGNED this the _____ day of _____, 2011.


_____
UNITED STATES BANKRUPTCY JUDGE

-2-