

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**11/21/2012**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 07-36424** |
| **JULIET HOMES, LP** | § | **CHAPTER  7** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| | § | |
| **JOSEPH M HILL CH 7 TRUSTEE,** *et al* | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 09-3429** |
| | § | |
| **ALEX ORIA,** *et al* | § | |
| | § | |
| Defendant(s). | § | |

## <u>MEMORANDUM OPINION</u>

David Greenberg's Motion for Summary Judgment, (ECF No. 377), is granted in part and denied in part.

### Background

A complete history of this adversary proceeding is in this Court's prior Memorandum Opinions, (ECF Nos. 213, 291).

This Memorandum Opinion concerns alleged transfers to defendant David Greenberg. (ECF No. 377 at 3, Ex. A).[1] On May 21, 2012, Greenberg moved for summary judgment, arguing that there is no evidence that the following transfers ever occurred:

- A transfer of $516,750.00 from Juliet Homes LP to David Greenberg on March 17, 2006 (hereinafter, "Alleged Greenberg Transfer 34");

---

[1] Two transfers concern David Greenberg directly.  The remaining two are transfers to 6409 Interests Ltd. (d/b/a 802 Interests Ltd.), an entity for which David Greenberg serves as president.  (ECF No. 377-3).

- An additional transfer of $516,750.00 from Juliet Homes LP to David Greenberg on March 17, 2006 (hereinafter, "Alleged Greenberg Transfer 35");

- A transfer of $15,000.00 from Juliet Homes Tradition 6403 to 6409 Interests Ltd. on June 15, 2007 (hereinafter "Alleged Greenberg Transfer 65"); and

- A transfer of $8,550.00 from Juliet Homes Tradition 6403 to 6409 Interests Ltd. on June 22, 2007 (hereinafter "Alleged Greenberg Transfer 66").

(ECF No. 377 at 4, No. 229-1 at 8-9). The Trustee's Second Amended Complaint, (ECF No. 229), alleged that these were § 547 preferential transfers, § 548 actually fraudulent transfers, § 548 constructively fraudulent transfers, and TUFTA fraudulent transfers. The Trustee also sought relief based on his position that the transfer of assets in this manner constituted conversion, was a misappropriation of assets, and resulted in unjust enrichment. (ECF No. 229 at 32, 229-1 at 8-10). The preferential transfer causes of action have been dismissed, except as to Alleged Greenberg Transfer #66. (ECF No. 291 at 32-33). All other causes of action remain active. (ECF No. 291 at 32-33).

The Trustee's initial response to Greenberg's Motion for Summary Judgment contained a request for additional time to complete discovery pursuant to Rule 56(d)[2]. (ECF No. 380 at 7). The Court granted this request on July 13, 2012. (ECF No. 382). As a result, the Trustee was given until September 19, 2012 to conduct discovery and file an additional response. (ECF No. 387).

After conducting additional discovery, the Trustee now agrees that Greenberg's Motion for Summary Judgment should be granted as to Alleged Greenberg Transfers #34 and #35. (ECF No. 412 at 2).

---

[2] Rule 7056 of the Federal Rules of Bankruptcy Procedure makes Rule 56 of the Federal Rules of Civil Procedure applicable in bankruptcy adversary proceedings.

On March 17, 2006, Juliet Homes LP wrote two checks to David Greenberg (each with a face value of $516,750.00). These checks were returned "NSF" as the accounts lacked sufficient funds.

On April 12, 2006, Juliet Homes LP executed a wire transfer in the amount of $1,154,450.00. Both parties now acknowledge that $1,033,500.00 of this wire transfer was used to cover the two checks returned NSF. (ECF No. 412 at 2).

This fact was not known to the Trustee when the complaint was initially filed, and so the two March 17, 2006 checks as well as the April 12, 2006 wire transfer were listed in the complaint. In other words, the complaint inadvertently counted $1,033,500.00 in transfers twice—a fact the Trustee now acknowledges. (ECF No. 412 at 2).

However, a dispute remains as to Alleged Greenberg Transfers #65 and #66. Juliet Homes Tradition 6403 wrote 6409 Interests Ltd. a check for $15,000.00 on June 15, 2007, and another check for $8,550.00 on June 22, 2007. (ECF No. 412 at 4). Greenberg alleges that these amounts related to rent payments owed for "(1) part of April 2007, (2) part of May 2007, and (3) June 2007 . . . ." (ECF No. 377 at 6). These checks were also returned NSF. (ECF No. 412 at 4).

The Trustee believes that Greenberg, on behalf of 6409 Interests Ltd., later received payment on these obligations of $15,000.00 and $8,500.00. Further, the Trustee does not believe the complaint duplicates these transfers. Therefore, the Trustee opposes Greenberg's Motion for Summary Judgment as it relates to Alleged Greenberg Transfers #65 and #66.

Greenberg does not allege the complaint duplicates the transfers. Additionally, in his deposition testimony, Greenberg acknowledged that after the two checks were initially returned NSF, a letter was sent demanding payment of the sums owed. (ECF No. 412 at 3; No. 377-3). A

later invoice indicates that, as of August 31, 2007, these obligations were no longer outstanding. (ECF No. 380-11 at 2).  Greenberg acknowledged this fact in his deposition.  (ECF No. 412 at 4).[3]  Nevertheless, Greenberg argues that he is entitled to summary judgment as to Alleged Greenberg Transfers #65 and #66.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times.  *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).  Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine

---

[3] The Trustee recites the relevant portion of the transcript in the motion.  (ECF No. 412 at 4).  However, the Trustee did not include this excerpt with the portion of the transcript filed as an exhibit to the motion.  (ECF No. 412-1). Nevertheless, Greenberg does not dispute that he so testified.  Regardless, the invoices list these obligations as no longer outstanding as of August 31, 2007.

dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[4]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattret*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

---

[4] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  Fed. R. Civ. P. 56(e).

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

Greenberg's Motion for Summary Judgment is granted as to Alleged Greenberg Transfers #34 and #35.  The complaint double counted the transfers.

As to Alleged Greenberg Transfers #65 and #66, Greenberg argues that he is entitled to summary judgment although the Trustee has demonstrated the following facts (or has demonstrated that a genuine issue exists as to the following facts):

- The initial complaint alleged transfers to Greenberg (or an entity controlled by Greenberg) in the amounts of $15,000.00 and $8,500.00;

- The initial complaint described the transfers as being by check (and in fact checks in these amounts were written);

- After further discovery, it is revealed that the checks were returned NSF and Greenberg was forced to issue a demand letter;

- Greenberg has acknowledged that payments were later received to cover the $15,000.00 and $8,500.00 obligations; and

- Unlike with Alleged Greenberg Transfers #34 and #35, the complaint does not duplicate the transfers.

Greenberg's motion for summary judgment is denied as it relates to Alleged Greenberg Transfers #65 and #66.

Greenberg attempts to argue that because the checks were returned NSF, the alleged transfers did not occur.  This is incorrect for two reasons.  First, the tendering of checks (even checks later returned NSF) constitutes a transfer.  Second, even accepting Greenberg's argument that checks returned NSF are not transfers, the Trustee has demonstrated that there is a genuine issue of material fact as to whether these transfers occurred (that is, there is a genuine issue whether Greenberg or a Greenberg-controlled entity is the transferee of preferential, actually fraudulent, and constructively fraudulent transfers in the amounts of $15,000.00 and $8,500.00).

A check is commercial paper and a negotiable instrument.  *See, e.g.*, *Ethridge v. State*, 2012 Tex. App. LEXIS 3110 (Tex. App.—Tyler April 18, 2012) ("[C]hecks are self-authenticating commercial paper.") (citing the Texas  Business & Commerce Code  and stating in an explanatory hypothetical that negotiable instrument is the modern term for commercial paper).  When the check is delivered, even if there are insufficient funds, the transferor has delivered a negotiable instrument.  Writing a check constitutes a transfer as that term is defined in § 101(54) because it is a method of disposing of an interest in property—the payor transfers to the payee the right to receive funds in the amount of the check's face value.  That the check is returned NSF does not negate the transfer. The check still constitutes a right to payment, which the payee may negotiate or use to demand payment from the payor.

Regardless, Greenberg's motion is based on the incorrect premise that he is entitled to summary judgment if he can prove that payment did not occur in the manner alleged in the complaint.  This conclusion results from Greenberg's incorrect assumption that he can obtain a summary judgment if the Trustee has an error in the complaint concerning the manner in which payment occurred.

To avoid a successful 12(b)(6) motion, the Trustee need only allege the following in a § 547 preferential transfer complaint:

- A transfer occurred.

- The transfer was of property of the debtor.

- The transfer was to or for the benefit of a creditor.

- The transfer was on account of antecedent debt.

- The transfer was made while the debtor was insolvent.

- The transfer was made during the 90 days prior to the petition date (or 1 year if the transferee was a statutory insider).

- As a result of the transfer, the creditor will receive more than in a Chapter 7 case.

The pleadings are sufficient to state a claim that the transfers were preferential.[5]  The summary judgment evidence reveals that a transfer occurred, although perhaps in a different manner than originally alleged in the complaint.  That does not justify summary judgment for the Defendants.

Greenberg's Motion for Summary Judgment must be denied as it relates to Alleged Greenberg Transfers #65 and 66 as there is a genuine issue of fact as to whether Greenberg, on behalf of 6409 Interests Ltd., is the transferee of preferential, actually fraudulent, and constructively fraudulent transfers in the amounts of $15,000.00 and $8,500.00.  This result is not tantamount to allowing the Trustee to surreptitiously amend the complaint, as Greenberg alleges.  The original complaint had a factual allegation that was in error, with the error only being learned through discovery.  This is entirely appropriate.

---

[5] The Court is using § 547 preferential transfers by way of an example. It would also not be necessary for the Trustee to include the manner in which payment occurred for a § 548 actually fraudulent transfer, a § 548 constructively fraudulent transfer, or for a TUFTA cause of action.

**Attorney's Fees**

In the initial Motion for Summary Judgment, Greenberg accused the Trustee of filing frivolous claims and requested an award of attorneys' fees.  (ECF No. 377 at 10).

Prior to filing the Motion for Summary Judgment, Greenberg and the Trustee were in the process of negotiating a stipulation to resolve all issues related to these transfers.  (ECF No. 380 at 3).  An agreement was not reached, and Greenberg chose to press forward with this Motion for Summary Judgment.

After conducting additional discovery under Rule 56(d), the Trustee offered to voluntarily dismiss all claims related to Alleged Greenberg Transfers #34 and 35.  (ECF No. 412 at 2).  This ended the dispute as to $1,033,500 of the $1,057,050.00 at issue in Greenberg's Motion for Summary Judgment, or about 98% of the funds.  The Trustee did not offer to dismiss the claims related to Alleged Greenberg Transfers #65 and #66, and the Court now denies Greenberg's Motion for Summary Judgment as to these claims.  The end result for Greenberg is exactly what would have been obtained, minus the thousands of dollars in attorney's fees incurred, by accepting the Trustee's proposed stipulation.[6]

Greenberg's request for attorney's fees is denied.

**<u>Conclusion</u>**

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **<u>November 21, 2012.</u>**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[6] This assumes the description of the proposal contained in the Trustee's response brief, (ECF No. 380), accurately represents the proposed terms.